Gulf, Colorado & Santa Fe Railway Company v. W. T. Beall
and Wife.

No. 602.—Decided December 6, 1897.

**1. Wrongful Employment of Minor—Instantaneous Death—Parents' Action at Common Law.**

In an action by parents to recover upon their right of action at common law for the wrongful employment of a minor son in a dangerous service without their consent and his consequent death, there can be no recovery where such death was instantaneous. (P. 312.)

**2. Statutory Action—Contributory Negligence of Deceased.**

Death being instantaneous, the parents' right of action must rest upon the statute, and it was error, in such case, to give instructions authorizing a recovery though the deceased was guilty of contributory negligence. (P. 312.)

Questions certified from Court of Civil Appeals for Third District, in an appeal from Bell County.

*J. W. Terry* and *Chas. K. Lee,* for appellant.—At common law there is no action for injuries resulting in death. Actio personalis moritur cum persona. And this action, if maintainable at all, is only maintainable by virtue of title 52 of the Revised Statutes. McGown v. Railway, 85 Texas, 289; Yoakum v. Selph, 83 Texas, 607; Nelson v. Railway, 78 Texas, 621; Railway v. Hanks, 73 Texas, 323; Hendrick v. Walton, 69 Texas, 192; 5 Am. & Eng. Encycl. Law, 125; 2 Thomp. on Neg., 1272; Shearman and Red. on Neg., sec. 124; Higgins v. Butcher, Yelverton, 89; Carey v. Railway, 1 Cush., 475; Davis v. Railway, 53 Ark., 117; 3 Rapalje & Mack's Dig. Ry. Law, 742, 743; Tiffany, Death by Wrongful Act, Ch. 1.

In actions for injuries resulting in death, brought under the statute, recovery can only be had where the wrongful act, negligence, carelessness, unskillfulness, or default, made the basis of the action, is of such character that if death had not ensued, it would have entitled the deceased to maintain an action. Railway v. Crowder, 70 Texas, 222; Railway v. Crowder, 61 Texas, 262; Railway v. Miller, 51 Texas, 270; Hamilton v. Railway, 54 Texas, 556; Railway v. Crowder, 63 Texas, 502; Railway v. Jones, 73 Texas, 232; Railway v. Carleton, 60 Texas, 397.

*A. M. Monteith,* for appellee.—The District Court did not err in charging the jury on the trial as copied into the statement of the Court of Civil Appeals, Third District, submitting the certified questions to this court. Railway v. Carleton, 60 Texas, 399; Railway v. Crowder, 70 Texas, 225; Railway v. Redeker, 67 Texas, 190; Tiffany, Death by Wrongful Act, secs. 12, 164; Railway v. Vieno, 7 Texas Civ. App., 351; Shields v. Yonge, 15 Ga. 349; Sullivan v. Railway, 3 Dillon, 334; Ford v. Monroe, 20 Wend., 210; Lynch v. Davis, 12 How. Pr., 323;

Cross v. Guthery, 2 Root (Conn.), 90; Plummer v. Webb, 1 Ware (U. S.), 75; Holmes v. Railway 5 Fed. Rep., 75.

DENMAN, Associate Justice.—In this cause the Court of Civil Appeals have certified to this court the following questions and explanatory statement:

"This is a suit by W. T. Beall and wife against the appellant to recover damages resulting from the death of their minor son W. C. Beall. W. C. Beall was instantaneously killed by being run over by one of the cars of appellant's road.  At the time he was killed, he was acting as a brakeman in the employ of the appellant, and was a minor, about nineteen years of age.  He was on top of the car that was being switched, and, by reason of some movement or jar or jerk of the car, he fell from the top of the car to the track below and was run over, crushed and killed.  Plaintiffs brought this suit to recover damages resulting from the death of their minor son, alleging that he was a minor at the time, and that that fact was known to the appellant, and that he was employed by the appellant without their consent, and that the business of brakesman in which he was engaged, was dangerous.  There is evidence which tends to establish these facts.  The jury found that he was a minor when so employed, and was wrongfully employed by the defendant, and assessed the damages at $1500.

"There is an assignment of error, in which appellant complains of the following charge:  'If you find that the son was a minor, and employed without the consent or acquiescence of the father in a dangerous employment, and that defendant's servants knew he was a minor or ought to have known it from his youthful appearance, then plaintiffs would be entitled to recover, whether the son was guilty of contributory negligence or not, or whether the engine and appliance were sound and suitable for the business or not, or whether said employes were skilled and competent or not.  The wrong, if any, consists under such supposed state of facts, if you find them proved, in the unauthorized employment of a minor, if you find from the testimony that there was such unauthorized employment of plaintiff's minor son.'

"In this connection it is well to say that there is some evidence in the record which tends to show that the deceased was guilty of negligence of such a character that may have contributed to his injuries, and of such force as would have authorized the court below to have submitted to the jury the issue of contributory negligence.  It further appears from the record that the jury, in making up their verdict, considered the value of the services of the deceased minor son.

"Now in view of this statement, the Court of Civil Appeals for the Third Supreme Judicial District certifies to the Supreme Court of Texas, the following questions:

"First.—The deceased being instantaneously killed, could the parents, at common law, recover for the value of the services of the minor child after his death?

"Second.—Was it error, in view of the instantaneous death of the minor, and under the facts as stated, for the court to give the charge quoted?"

In Baker v. Bolton, 1 Campb., 493, decided in 1808, Lord Ellenborough said that "in a civil court the death of a human being could not be complained of as an injury." In adhering to the broad principle thus announced, Pigott, B., in Osborn v. Gillitt, L. R., 8 Ex., 88 (1873), which was a suit brought by the father to recover for the loss of services of his daughter whose death had been occasioned by the negligence of defendant's servant, said: "By the third plea the defendant says that she was killed on the spot, and the first question is, whether this plea affords a good defense in law to an action by a master for damage sustained by reason of the death of his servant. It may seem a shadowy distinction to hold that when the service is simply interrupted by accident resulting from negligence the master may recover damages, while in the case of its being determined altogether by the servant's death from the same cause no action can be sustained. Still I am of opinion that the law has been so understood up to the present time; and if it is to be changed it rests with the Legislature and not with the courts to make the change.

"It is admitted that no case can be found in the books where such an action as the present has been maintained, although similar facts must have been a matter of very frequent occurrence. This alone is strong to show that the general understanding had been to the effect laid down by Lord Ellenborough, in 1808, in Baker v. Bolton."

This rule has been generally followed by the American courts, though some vigorous protests have been made against it and none of the various reasons assigned therefor seem entirely satisfactory. No useful purpose would be subserved by an attempt to add anything to what has been said in the well considered opinions cited and commented upon by Mr. Tiffany in his work entitled "Death by Wrongful Act," sections 1 to 18, where an interesting and exhaustive discussion of the question will be found. After a careful examination we are of opinion that, though the reason for the original adoption of the rule announced by Lord Ellenborough is involved in doubt and obscurity, still the rule itself is a well-established principle of the "Common Law of England" adopted in this State by act approved January 20, 1840; and we feel bound thereby.

We therefore answer the first question certified in the negative, and since the father's right to recover depends upon the statute which imputes to him the deceased son's contributory negligence the second question certified must be answered in the affirmative.