EVA GREGUTIS, ADMINISTRATRIX, &c., PLAINTIFF AND APPELLANT, v. WACLARK WIRE WORKS, A CORPORATION, DEFENDANT AND APPELLEE.

Submitted July 10, 1914—Decided November 16, 1914.

1. The act of April 4th, 1911 (*Pamph. L.*, *p.* 134), should be designated and referred to as the "Workmen's Compensation act," and the act of April 13th, 1909 (*Pamph. L.*, *p.* 114), as the "Employers' Liability act."

2. Where a complaint sets up a contract of hiring between employer and employe made subsequent to the taking effect of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134), and does not aver that the contract contained any express statement in writing that section 2 of the act was not intended to apply, nor that any written notice to that effect was given, it will be presumed that the parties accepted and were bound by the provisions of that section.

3. Where a deceased employe by his agreement, either express or implied, had accepted and become bound by the provisions of section 2 of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 134). his personal representatives cannot maintain an action under the Death act (*Pamph. L.* 1848, *p.* 151; *Comp. Stat., p.* 1907) for damages for his death, even though the only dependents decedent left surviving him were aliens not residents of the United States.

On appeal from the Supreme Court.

For the appellant, *John J. Stamler.*

For the appellee, *Kalisch & Kalisch.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought by the administratrix of the decedent to recover, under the Death act (*Pamph. L.* 1848, *p.* 151; *Comp. Stat., p.* 1907), damages for his death.

The defendant moved before Mr. Justice Bergen to strike out the complaint on the ground that it disclosed no cause of action. The motion was granted and the plaintiff appeals from the judgment subsequently entered.

The complaint averred, in effect, that on September 15th, 1913, the decedent was hired and employed by the defendant company; that whilst so employed he was killed by an accident arising out of and in the course of his employment; that he left surviving him a father, mother, three sisters and a brother, all of whom were dependents upon the decedent for support, and all of whom were aliens, not residents of the United States, and that "therefore the administratrix is not entitled to recover against the said defendant, under and by virtue of an act of the legislature of the State of New Jersey

entitled 'An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder,' approved April 4th, 1911 (*Pamph. L., p.* 134), and the supplements thereto and amendments thereof."

We are of the opinion that the complaint did not state a cause of action.

The act of April 4th, 1911 (*Pamph L., p.* 134), to which hereinafter we shall have occasion to refer, is sometimes called the "Workmen's Compensation act," and sometimes the "Employers' Liability act." Counsel in the present case call it the latter. Of course, it has the characteristics of both, yet, since its chief purpose was compensation to injured workmen or their dependents, we think it is more properly to be referred to as the "Workmen's Compensation act," rather than the "Employers' Liability act." The act of April 13th, 1909 (*Pamph. L., p.* 114), is of the latter character.

Prior to our Workmen's Compensation act, it was held, in *Myers* v. *Holborn*, 58 *N. J. L.* 193, that no action will lie in this state for an injury caused by death, with the exception of that provided by the "Death act." *Pamph. L.* 1848, *p.* 151; *Comp. Stat., p.* 1907.

Section 7 of the Death act, under which this action is brought, provides:

"That whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as *would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof,* then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured," &c.

Since that act limited the relief granted thereby to recovery in cases where the decedent would, if death had not ensued, have been entitled to maintain an action, we must now consider whether the plaintiff's intestate, if living, could have maintained an action.

In order to determine that question we turn to our Workmen's Compensation act and observe that paragraph 9 thereof (*Pamph. L.* 1911, *p.* 136) provides as follows:

"Every contract of hiring made subsequent to the time provided for this act to take effect shall be presumed to have been made with reference to the provisions of section 2 of this act, and unless there be as a part of such contract an express statement in writing, prior to any accident, either in the contract itself or by written notice from either party to the other, that the provisions of section 2 of this act are not intended to apply, then it shall be presumed that the parties have accepted the provisions of section 2 of this act and have agreed to be bound thereby," &c.

That act took effect July 4th, 1911. The contract of hiring set out in the complaint was made subsequently, and since the complaint does not aver that the contract contained any express statement, in writing, that section 2 of the act was not intended to apply, nor that any written notice to that effect was given, it is presumed that the parties accepted and were bound by the provisions of that section.

Now, paragraph 7 (section 2) of the Workmen's Compensation act (*Pamph. L.* 1911, *p.* 136) provides that—

"When employer and employe shall, by agreement, either express or implied, as hereinafter provided, accept the provisions of section 2 of this act, *compensation for personal injuries to or for the death of such employe by accident arising out of and in the course of his employment shall be made* by the employer without regard to the negligence of the employer, *according to the schedule contained in paragraph 11*," &c.

And paragraph 8 (section 2) provides that—

"*Such agreement shall be a surrender* by the parties thereto *of their rights to any other method, form or amount of compensation or determination thereof than as provided in section 2* of this act, and an acceptance of all the provisions of section 2 of this act, *and shall bind the employe himself and for compensation for his death shall bind his personal representatives, his widow and next of kin,* as well as the em-

ployer, and those conducting his business during bankruptcy or insolvency."

By force of these provisions, therefore, the decedent, if he had suffered an injury not resulting in death, would have been limited to the recovery of the compensation provided for in section 2 and by the procedure and in the forum provided in the Workmen's Compensation act, and he could not have brought suit for his injury in disregard of that act. It follows, therefore, that the condition upon which a right of action is given to the personal representatives of a deceased person by the Death act is not present in the case at bar.

Moreover, it will be observed that the Workmen's Compensation act deals with cases where the injury results in death, and paragraph 8 provides that where the contract of hiring is subject to section 2 of the act, *such agreement shall be a surrender* by the parties thereto *of their rights to any other method, form or amount of compensation or determination thereof* than as provided in section 2, and shall bind the employe himself, *and for compensation for his death shall bind his personal representatives, his widow and next of kin.*

Obviously, the remedy thereby provided in case of death, where the contract of the employe is subject to section 2, is inconsistent with the remedy provided by the Death act, because the latter provides for a different procedure and a different rule of damages. Since the Workmen's Compensation act by its terms repeals all inconsistent legislation, the rights and remedies thereby given are substituted for those theretofore provided by the Death act.

The result is that where, as here, the employe contracts to work under section 2 of the Workmen's Compensation act, the damages to be paid by the employer in case of death are limited by that act and an action cannot be maintained in disregard of that act. And this is so, notwithstanding that act provides (paragraph 12) that "compensation under this schedule shall not apply to alien dependents not residents of the United States." The scheme of the act is to give compensation in lieu of damages to certain dependents, and not to next of kin as such. The legislature saw fit, as a matter of

public policy, to exclude non-resident aliens from such benefits, and we think that the power of the legislature to give or withhold a right of action in such case, and to declare to whom and in what amount compensation shall be made, cannot be doubted. *Cetofonte* v. *Camden Coke Co., 78 N. J. L.* 662.

Whether, in a proceeding begun under the Workmen's Compensation act in the Common Pleas Court, the administratrix could recover, under paragraph 12 (2), "expenses of last sickness and burial not exceeding one hundred dollars," upon the theory that there were "no dependents," is a question we have not considered since it is not before us.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 14.

*For reversal*—None.