**SILURIAN OIL CO. v. WHITE.   (No. 2133.)**

(Court of Civil Appeals of Texas.   Amarillo.
May 16, 1923.   Rehearing Denied
June 6, 1923.)

**1. Statutes ⬅⟹239—Common-law right of action not destroyed by statute, save by direct enactment or necessary implication.**

A common-law right of action is not taken away by statute save by direct enactment or necessary implication; laws depriving citizens of rights being strictly construed.

**2. Parent and child ⬅⟹7(1)—Father has independent right of action for injuries to minor child.**

At common law, a father has an independent right of action for damages from injuries to his minor son.

**3. Death ⬅⟹11—Under common-law right of action does not survive.**

Under the common law before the change made by Const. art. 16, § 26, and the Death Injuries Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4694–4704a), the right of action for injuries resulting in death did not survive the death of the injured party.

**4. Master and servant ⬅⟹355—Right of action by minor employee's parent not barred by Compensation Act of 1917.**

A parent's independent right of action under the common law for negligent injuries to a minor child, employed without the parent's consent by a subscribing employer, paying compensation awarded to the child, is not impliedly barred by the Workmen's Compensation Act of 1917 (Vernon's Ann. Civ. St. 1918, art. 5246—7) providing for recovery of exemplary damages for the death of an employee by "heirs of his or her body" in the language of Const. art. 16, § 26, such recovery being only for the benefit of others than parents; nor is the parent's right of action barred by article 5246—6, authorizing common-law suits against nonsubscribers by beneficiaries defined in article 5246—82, as relatives named in article 5246—15, providing for distribution of death benefits payable in lieu of damages as required by article 5246—3, which does not refer to parents of minors authorized by articles 5246—30 and 5246—31 to receive compensation.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by J. M. White against the Silurian Oil Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Kay, Akin & Kenley, of Wichita Falls, and Capps, Cantey, Hanger & Short, of Fort Worth, for appellant.

Bonner, Bonner & Sanford, of Wichita Falls, for appellee.

HALL, C. J. Following is the statement of the nature and result of the suit by appellant, concurred in by appellee:

"This suit was brought by J. M. White, father of a minor son, James Byron White, by petition filed in May, 1921, against the Silurian Oil Company, a corporation, and Thos. Morrisy. Morrisy was dropped out of the case. It is a suit by a parent for loss and damages on account of wages and support by the minor. The minor, James Byron White, left his father's home in Eastland county, Tex., came to Wichita Falls, and obtained employment with the Silurian Oil Company, and suffered serious injury to his head while working for the company in its power plant. The defendant company answered by special plea in bar, setting up that it was a subscriber (under the Workmen's Compensation Act), and had insurance for the benefit of its employees, and that James Byron White, the boy who was injured, had obtained a judgment or an award from the Industrial Accident Board, for $6,015, payable in installments, which the defendant was paying, but that the defendant had further paid other large sums for medical treatment, hospital fees, etc., and that the law, commonly called the Workmen's Compensation Act, superseded all former laws giving the parents the right to sue. This special plea in bar was overruled by the court. The case then coming on to be heard upon its merits, without the intervention of a jury, the court found for the plaintiff, J. M. White, for $1,900, which was, upon motion for new trial, reduced to $1,300."

There is no statement of facts in the record.

Under the first three propositions it is insisted: (1) That, where a minor was injured in the course of his employment and has been awarded the highest possible compensation under the law by the Industrial Accident Board, such award took away the right of the parent to sue; (2) that the Workmen's

Compensation Law of Texas (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 to 5246—97, was intended to be complete in itself and contemplated that any former remedy of parents should be merged in it; (3) that the special plea in bar, setting up the award and settlement under the Workmen's Compensation Act, was a complete defense, and the court erred in overruling it.

The substance of the court's finding is that James Byron White went to Wichita Falls when about 18 years of age to visit his brother residing there, and, without the knowledge and consent of his parents, procured employment from the defendant, Silurian Oil Company, working in the casing head gas manufacturing plant of the defendant company as oiler and wiper of machinery, and while so engaged was injured through the negligence of the defendant company and its employees; that the plaintiff thereafter took his son home and has expended in the way of medicines, etc., in treating him, the sum of $100, for which he has not been repaid by the defendant or any one; that the services of James Byron White were reasonably worth to plaintiff $75 per month, and would have been worth this sum for the remaining two years of his minority, and, because of the injuries sustained, plaintiff will be totally deprived of his services during that period; that plaintiff would have ordinarily expended $25 per month as expenses in the way of board, clothing, and maintenance of his son, and the court fixes the net value of the son to plaintiff for the two years at $50 per month, making a total of $1,200, in addition to the $100 for medicines first expended in treating him.

The court further finds that the Silurian Oil Company had a valid policy of insurance with the Maryland Casualty Company, and had in all other respects complied with the provisions of the Workmen's Compensation Law of this state; that the facts have been properly placed before the Industrial Accident Board of the state, which awarded the minor $15 per week for 401 weeks, based upon its finding that he had been totally and permanently disabled and incapacitated; that no appeal was prosecuted from said award, and that the Maryland Casualty Company has been paying to said minor $15 per week, none of which amount has been received by the plaintiff. The court concludes as a matter of law that the plaintiff is entitled to recover the full sum of $1,300, with interest at 6 per cent.; that the Workmen's Compensation Law of the state has no application to this action, and does not, either expressly or by necessary implication, take away from the plaintiff his right to recover damages on account of the injuries suffered by his minor son, through the negligence of the defendants, and in the course of a dangerous employment, without the knowledge or consent of the plaintiff.

[1] These propositions present a question which, so far as we are able to find, has not heretofore been decided in this state. Appellee relies mainly upon the case of King v. Viscoloid Co., 219 Mass. 420, 106 N. E. 988, Ann. Cas. 1916D, 1170, and the cases which follow it. The Massachusetts statute (St. 1911, c. 751), like the Texas act, relating to the question of workmen's compensation, contains no express provision depriving the parent of an injured minor of his common-law right of action, and the court held in the King Case that an existing common-law right of action is not taken away by a statute save by direct enactment or necessary implication, and that laws depriving a citizen of rights possessed by them should be strictly construed. This rule is recognized in this state. Luder's Adm'r v. State (Tex. Civ. App.) 152 S. W. 220; Kampmann v. Cross (Tex. Civ. App.) 194 S. W. 437; Poe v. Continental Gin Co. (Tex. Com. App.) 231 S. W. 717.

[2] It is a fundamental principle of the common law that a father has an independent right of action to recover for damages occasioned by injury to his minor child. 29 Cyc. 1697; T. & P. Ry. Co. v. Brick, 83 Tex. 526, 18 S. W. 947, 29 Am. St. Rep. 675; Cook v. Urban (Tex. Civ. App.) 167 S. W. 251. It is said in the King Case that the courts, in construing such statutes, could not read into them matters not touched upon by the Legislature, and that, since under the common law both the parents and the minor child have independent rights of action for the injury in such cases, the minor cannot, by waiving his common-law right under the provisions of the Massachusetts act (St. 1911, c. 751) pt. 1, § 5, which upon inspection we find is similar to article 5246—4 of the Texas act, also waive the right of the parent. The Massachusetts court further holds that that section of the Massachusetts act (part 2, § 5) which by comparison we find corresponds to V. C. S. art. 5246—9, providing that the association shall pay part of the medical expenses, etc., does not, where there is no element of estoppel abrogate the parent's common-law right of action.

Appellant cites a number of cases which hold contrary to the rule announced in the King Case. In Buonfiglio v. Neumann & Co., 93 N. J. Law, 174, 107 Atl. 285, the father sued under the original Workmen's Compensation Act of New Jersey (O. L. 1911, p. 134) to recover on account of negligent injury inflicted upon his minor son. No notice was given that the provisions of the act would not apply to the employment, and because of this fact acceptance of the act's provisions was, under the statute, presumed. The following quotation from the opinion of the court in this case discloses that the father was denied the right to recover by express provisions of the act, and the court says that this distinguishes the case from the King Case:

"There was no express statement in writing or written notice that the provisions of section 2 of the Workmen's Compensation Act (Act April 4, 1911; P. L. p. 134) were not intended to apply, and pursuant to section 8 the parties are presumed to have accepted the provisions of section 2, and to have agreed to be bound thereby. That the father was one of the parties so bound in the present case is shown by the fact that he received his son's wages. The question raised is whether the Workmen's Compensation Act furnishes the sole rule of compensation or whether the father has the same right of action he would have had at common law. The question turns on the provisions of the statute. Section 8 enacts that the 'agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation, or determination thereof than as provided in section 2 of this act.' This express language settles the question adversely to the plaintiff."

Under the same statute, in Gregutis v. Waclark, 86 N. J. Law, 610, 92 Atl. 354, the New Jersey Court of Errors and Appeals held that an administratrix could not recover and that it repealed the New Jersey Death Act (2 Comp. St. 1910, P. 1907, which gave the representatives of the decedent the right to recover. The Supreme Court of Iowa, in Hilsinger v. Zimmerman Steel Co., 193 Iowa, 708, 187 N. W. 493, held that, by certain sections of the statutes of that state the father, as the next of kin, was expressly precluded from maintaining a separate suit. Reference to the conclusions quoted in the opinion shows that in this particular the act differs materially from either the Massachusetts or Texas acts.

In Wall v. Studebaker Corporation, 219 Mich. 434, 189 N. W. 58, the Supreme Court of Michigan, considering the same question, held that, since the act of that state (Pub. Laws Ex. Sess. 1912, No. 10, pt. 1, § 7) gave the infant the right of an adult to contract for employment, it abrogated the parents' right to an action for the loss of an injured minor's services, and says further that its view of the act is strengthened by the language of section 4, pt. 1, which reads as follows:

"Any employer who has elected, with the approval of the Industrial Accident Board, hereinafter created, to pay compensation as hereinafter provided, shall not, * * * be subject to any other liability whatsoever, save as herein provided for the death of or personal injury to any employee for which death or injury compensation is recoverable under this act, except as to employees who have elected in the manner hereinafter provided not to be subject to the provisions of this act."

The court also makes this further quotation from the title of the act as manifesting the intention of the Legislature to abrogate the parents' right of action:

"An act * * * relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the accidental injury to or death of employees * * * and restricting the right to compensation or damages in such case to such as are provided by this act."

[3, 4] This question has been discussed in several cases, a few only of which we will undertake to review, but which uniformly hold that, unless the parent's independent right of action as it exists under the common law, to recover for the services and earnings of a minor child, injured through the negligence of another, are either expressly or by necessary implication abrogated by the enactment of the Workmen's Compensation Act, the parent is not barred. See Adkins v. Hope Co., 81 W. Va. 449, 94 S. E. 506. In this case the appellee does not sue as a dependent parent but bases his action solely upon his common-law right. As stated, the court found that appellant had employed the appellee's minor child, without the knowledge or consent of his parents, and there is no contention that the minor had been emancipated. The court further found that the boy was injured through the negligence of appellant, and by its judgment fixed the amount of appellee's damages recovered for services and medical bills. It is conceded by appellant that the Texas act does not expressly destroy the right of appellee, but it is insisted that it does so by implication, basing the contention, first, upon the language of V. C. S. art. 5246—7 (1918) which is as follows:

"Nothing in this act shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employee whose death is occasioned by homicide from the willful act or omission or gross negligence of any person, firm or corporation from the employer of such employee at the time of the injury causing the death of the latter. Provided, that in any suit so brought for exemplary damages, the trial shall be de novo and no presumption shall exist that any award, ruling or finding of the Industrial Accident Board was correct; and in such suit brought by the employee or his legal heirs or representatives, against such association or employer, such award, ruling or finding, shall neither be pleaded nor introduced in evidence."

We think, without doubt, that this section does not sustain the appellant's contention. It relates wholly to the recovery of exemplary damages, where the employee has been killed. Under the common law the right of action for injuries resulting in death does not survive the death of the injured party. Title 70 of V. S. C. S., embracing articles 4694–4704a, inclusive, were enacted to change the common-law rule in this particular, and also to provide that exemplary as well as actual damages might be recovered in a proper case. This right is established by article 16, § 26, of the Constitution. In

Vaughan v. Southwestern Insurance Co., 109 Tex. 298, 206 S. W. 920, the Supreme Court held that the Texas Workmen's Compensation Act, in so far as it related to the right of beneficiaries of deceased employees to recover, was an abandonment of the entire scheme of the Death Injuries Act embraced in title 70, V. S. C. S., supra, and that the Workmen's Compensation Act and not the Death Injuries Act governed in determining to whom compensation should be paid, as well as in the apportionment of the damages to be recovered, and that, since the Compensation Act expressly referred to the statute of descent and distribution, such statute and not the death injuries statute, controlled the right of the parties. See, also, Texas Employers' Insurance Association v. Boudreaux (Tex. Com. App.) 231 S. W. 756. We think it is clear from the opinion in the Vaughan Case that subdivision 7 of article 5246 relates only to cases where an employee under the Workmen's Compensation Act has been killed, and we are strengthened in this view by the fact that the original article 5246j (V. S. C. S. 1914) declared that the act should not "be taken or held to prohibit the recovery of exemplary damages by * * * heirs, or such of them * * * of any deceased employee," etc., while the act as amended (article 5246—7, V. C. S. 1918) added to the word "heirs" the words "of his or her body," thus adopting the language of the Constitution, art. 16, § 26, under which it had been previously held that a mother could not recover exemplary damages for the death of a minor son, since she was not, of course, "heir of his body." Winnt v. I. & G. N. Ry. Co., 74 Tex. 32, 11 S. W. 907, 5 L. R. A. 172. Since article 5246—7 relates only to the right of others than parents to recover exemplary damages in the event of the death of a minor employee, it has no bearing upon this case, either directly or by inference.

Appellant further insists that article 5246 —6, by implication, bars appellee's right of recovery. This subdivision is as follows:

"Employees whose employers are not at the time of the injury subscribers to said association, and the representatives and beneficiaries of deceased employees who at the time of the injury were working for nonsubscribing employers cannot participate in the benefits of said insurance association, but they shall be entitled to bring suit and may recover judgment against such employers, or any of them, for all damages sustained by reason of any personal injury received in the course of employment, or by reason of death resulting from such injury, and the provisions of section 1 of this act [article 5246—1] shall be applied in all such cases."

This section denies to employers who are not subscribers, and to the representatives and beneficiaries of deceased employees, who at the time of the injury were working for nonsubscribers, any right to participate in the benefits of the association, and by ex-press language applies the provisions of section 1 of the act to all such suits which it declares may be brought against nonsubscribing employers. Its provisions are so foreign to this action that no inference whatever can be drawn from it in support of appellant's contention. The appellee's son was working for a subscriber, and it seems has claimed his compensation and been awarded it under the act. The only other claimants referred to in the section are the representatives and beneficiaries of deceased employees who at the time of the injury were working for nonsubscribing employers. The word "representatives" is not defined by the act, but when used in the various sections it is in connection with the word "beneficiaries." Section 82 (article 5246—82) defines the words "legal beneficiaries" as meaning the relatives named in section 15 (article 5246—15) of the act. Reference to section 15 shows that it relates only to cases of death and provides for the payment of compensation in such case to the surviving husband or wife, dependent parents, dependent grandparents, etc., and therefore sections 6 and 15 (articles 5246—6, 5246—15) are both foreign to the question under consideration. In the case of Home Life & Accident Co. v. Corsey (Tex. Civ. App.) 216 S. W. 464, and in Southern Surety Co. v. Houston, L. & P. Co. (Tex. Civ. App.) 203 S. W. 1115, it is said that the Texas act was largely copied from the Massachusetts act, and for this reason the Texas act should receive the same construction as that given the Massachusetts act by the courts of that state. In the King Case, supra, the Massachusetts court, in passing upon the right of the parent to his action said:

"The Legislature simply has not covered the case. * * * If they had chosen not to leave the parent's right of action unaffected, they might have taken it away altogether; they might have made some stated division of the allowed compensation between the minor employee and his parent. They might have provided (like the Rhode Island Legislature) that the election between the statutory remedy and that given by the common law should be made by the parent of a minor employee, which should bind both parent and child. How can the court say which if either of these courses would have been adopted by the Legislature? It seems plain that neither one of them can be held to have been manifestly intended by the language of the act. But we have no right to conjecture what the Legislature would have enacted if they had foreseen the occurrence of a case like this; much less can we read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose. See Hull v. Hull, 2 Strob. Eq. (S. C.) 174; Kunkalman v. Gibson, 171 Ind. 503, 84 N. E. 985, 86 N. E. 850; U. S. v. Starn (D. C.) 17 Fed. 435."

It is significant that the Texas act, like the Massachusetts act, does not expressly

give the minor the right to contract for employment without the parent's consent. The Texas act seems to recognize the minor's legal disability, and does not attempt to remove it except where it authorizes him to receive and receipt for compensation for partial incapacity. Sections 30 and 31 (articles 5246—30, 5246—31). By the common law, where there is no emancipation and no consent of the parent to the employment of a minor, the parent is entitled to the custody, companionship, services, and earnings of his minor child. Where personal injuries are wrongfully inflicted upon the child, the minor has his independent right of action against the wrongdoer for the pain, suffering, disfigurement, and permanent disability which may result. Separate and apart from the minor's right, the parent may bring his action for the loss of his child's services, quare servitium amicit, as well as for the wrongful enticement of the child to leave his parent and for the employment of the child against the parent's wishes, and for medical expenses incident to the injuries. In construing the Texas act, in an effort to ascertain the legislative intent, as it affects this case, we must bear in mind the further common-law rules, that a parent could not maintain an action for the loss of the services of a minor child instantly killed, nor could he recover exemplary damages therefor. G., C. & S. F. Ry. Co. v. Beall, 91 Tex. 310, 42 S. W. 1054, 41 L. R. A. 807, 66 Am. St. Rep. 892; title 70, V. S. C. S., was enacted and article 16, § 26, of the Constitution was adopted to change the common law in this particular; and the statute (art. 4698) expressly confers the right upon the parent. Houston City Street Railway v. Sciacca, 80 Tex. 350, 16 S. W. 31. The Texas act does not preclude even an injured employee from suing his employer for injuries sustained not in the course of his employment. Texas Employers' Insurance Association v. Bordeaux, supra. The parent's common-law action should not be barred where his minor son was employed without his consent and injured through the negligence of his employer.

Section 3 of the act (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246i) is:

"The employees of a subscriber shall have no right of action against their employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the * * * association as the same is hereinafter provided for," etc.

With particularity this section mentions employers and the representatives and beneficiaries of deceased employees without referring in any way to either minors or the parents of minors, who might suffer personal injuries. As said in the King Case, "The Legislature simply has not covered the case." The maxim, "Expressio unius est exclusio alterius," applies.

By an act of the present Legislature, section 3, pt. 1, has been amended by the Legislature now in session by adding the following sentence:

"The employees of a subscriber and the parents of minor employees shall have no right of action against their employers."

This is a legislative construction of the act of 1917, which, though not binding upon the court, is persuasive when courts are called upon to construe the original law. It is true that the law, as it now stands, provides for the payment of doctors and medical bills. This, of course, would not be in full settlement of what the parent is entitled to recover in a proper case in his common-law action. It might, however, under proper pleadings entitle the association to a credit for said amount, in 'such an action. These matters, however, do not apply to this case, because the evidence shows that the father paid the doctor's bills and has not been reimbursed by the association.

For the reasons stated, the judgment is affirmed.