SAMUEL CRAIG COWART, ADMINISTRATOR WITH WILL AND CODICIL ANNEXED OF WYATT J. BASKERVILLE, DECEASED, PLAINTIFF, v. THE BOROUGH OF FREEHOLD, IN THE COUNTY OF MONMOUTH AND STATE OF NEW JERSEY (BODY CORPORATE), DEFENDANT.

Decided February 11, 1941.

For the motion, *James J. Skeffington.*

*Contra, Samuel Craig Cowart.*

KINKEAD, S. C. C. This is a motion to strike the complaint filed on behalf of the plaintiff. The complaint alleges that on August 22d, 1940, the testator of the plaintiff, Wyatt J. Baskerville, was employed in the street cleaning department of the borough of Freehold. His duties required the use of a team of horses attached to a truck, and while engaged in his work, the horses became frightened and running away ran over and killed the said Wyatt J. Baskerville.

Plaintiff further alleges that the defendant was negligent because on the day in question the decedent was performing not only his usual duties as a street cleaner, but was also required to substitute for another employe. The said other employe was regularly in charge of driving said team of horses. It is the contention of the plaintiff that the defendant by imposing the duty on the decedent of driving the said horses, in addition to his duties of cleaning the street, was guilty of negligence.

The defendant moves to strike the complaint on the ground that the plaintiff is limited in any recovery against the defendant by the provisions of the Workmen's Compensation act (*N. J. S. A.* 34:15-1 to 34:15-120). The plaintiff contends, however, that as the legal representative of the decedent he is entitled to maintain an action for damages under the Death act.

If the decedent had merely been injured instead of losing his life in the said accident, he would clearly have been bound by the provisions of the Workmen's Compensation act in seeking a recovery for his injuries. *Gregutis* v. *Waclark Wire Works,* 86 *N. J. L.* 610; 92 *Atl. Rep.* 354.

The following sections of the New Jersey Statutes Annotated are pertinent:

"*Sec. 34:15-1.* When personal injury is caused to an employe by accident arising out of and in the course of his employment, of which the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he shall receive compensation therefor from his employer, provided the employe was himself not willfully negligent at the time of receiving such injury, and the question of whether the employe was willfully negligent shall be one of fact to be submitted to the jury, subject to the usual superintending powers of a court to set aside a verdict rendered contrary to the evidence.

"*Sec. 34:15-4.* The provisions of this article shall apply to any claim for the death of an employe arising under sections 2:47-1 to 2:47-6 of the title Administration of Civil and Criminal Justice.

"*Sec. 34:15-7.* When employer and employe shall by agreement, either express or implied, as hereinafter provided, accept the provisions of this article compensation for personal injuries to, or for the death of, such employe by accident arising out of and in the course of his employment shall be made by the employer without regard to the negligence of the employer, according to the schedule contained in sections 34:15-12 and 34:15-13 of this title in all cases except when the injury or death is intentionally self-inflicted, or when intoxication is the natural and proximate cause of injury,

and the burden of the proof of such fact shall be upon the employer.

"*Sec. 34:15-8.* Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article, and shall bind the employe himself and for compensation for his death shall bind his personal representatives, his widow and next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency.

"*Sec. 34:15-9.* Every contract of hiring made subsequent to the fourth of July, one thousand nine hundred and eleven, shall be presumed to have been made with reference to the provisions of this article, and unless there be as a part of such contract an express statement in writing prior to any accident, either in the contract itself or by written notice from either party to the other, that the provisions of this article are not intended to apply, then it shall be presumed that the parties have accepted the provisions of this article and have agreed to be bound thereby.

"Every contract of hiring made or implied or in operation before the fourth day of July, one thousand nine hundred and eleven, shall be presumed to continue subject to the provisions of this article unless either party shall prior to accident, in writing, notify the other party to such contract that the provisions of this article are not intended to apply."

In the instant case there was no allegation that the contract of hiring contained any express statement in writing that the provisions of the Workmen's Compensation act was not intended to apply.

It has been held that where a complaint sets up a contract of hiring between employer and employe made subsequent to the taking effect of the Workmen's Compnsation act (*Pamph. L.* 1911, *p.* 134), which complaint does not aver that the contract contained any express statement in writing that paragraph 7 (section 2) of the act (now section 34:15-7, *N. J. S. A.*) was not intended to apply, nor that any written notice to that effect was given, it will be presumed that the parties accepted and were bound by the provisions of that section. *Gregutis* v. *Waclark Wire Works, supra.*

At page 614 of *Gregutis* v. *Waclark Wire Works, supra,* Mr. Justice Trenchard, speaking for our Court of Errors and Appeals, held as follows:

"By force of these provisions, therefore, the decedent, if he had suffered an injury not resulting in death, would have been limited to the recovery of the compensation provided for in section 2 and by the procedure and in the form provided in the Workmen's Compensation act, and he could not have brought suit for his injury in disregard of that act. It follows, therefore, that the condition upon which a right of action is given to the personal representatives of a deceased person by the Death act is not present in the case at bar.

"Moreover, it will be observed that the Workmen's Compensation act deals with cases where the injury results in death, and paragraph 8 provides that where the contract of hiring is subject to section 2 of the act, *such agreement shall be a surrender* by the parties thereto *of their rights to any other method, form or amount of compensation or determination thereof* than as provided in section 2, and shall bind the employe himself, *and for compensation for his death shall bind his personal representatives, his widow and next of kin.*

"Obviously, the remedy thereby provided in case of death, where the contract of the employe is subject to section 2, is inconsistent with the remedy provided by the Death act, because the latter provides for a different procedure and a different rule of damages. Since the Workmen's Compensation act by its terms repeals all inconsistent legislation, the rights and remedies thereby given are substituted for those theretofore provided by the Death act."

The motion to strike is granted.