James Holland, Appellant, *v.* Atlantic Stevedoring Company, Respondent.

*Master and servant — negligence — accord and satisfaction — acceptance by maritime employee of award under Workmen's Compensation Law for injury in course of his employment precludes his maintenance of an action to recover damages therefor.*

Holland v. *Atlantic Stevedoring Co.*, 210 App. Div. 129, affirmed.
(Submitted December 19, 1924; decided January 21, 1925.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 3, 1924, affirming a judgment in favor of defendant entered upon an order of Special Term granting a motion by defendant for a dismissal of the complaint. Plaintiff, a stevedore, was injured in the course of his employment on board of a steamship in the navigable waters of New York bay. Thereafter he applied for and accepted an award for such injuries under the Workmen's Compensation Law. Subsequently he brought this action to recover damages for such injuries. Defendant moved for judgment dismissing the complaint for want of jurisdiction of the subject of the action, under rule 107 of the Rules of Civil Practice, upon the ground that, by virtue of section 113 of the Workmen's Compensation Law, plaintiff having applied for and received compensation, the court had no jurisdiction of the action.

*Ralph Stout* and *Harry S. Austin* for appellant.
*Paul Koch* and *Charles O. Truex* for respondent.

*Per Curiam.* Affirmed upon the authority of *Brassel* v. *Electric Welding Company* (239 N. Y. 78). The affidavit sets forth facts sufficient to show an accord and satisfaction or a release by a payment in full within the purport and meaning of subdivision 7 of rule 107 of the Rules of Civil Practice.

The judgment should be affirmed, with costs.

Hiscock, Ch. J., Cardozo, Pound, Crane, Andrews and Lehman, JJ., concur; McLaughlin, J., absent.

Judgment affirmed.