CHESTER J. SWAN, Plaintiff, *v.* F. W. WOOLWORTH COMPANY, Defendant.

Supreme Court, Monroe County, May 9, 1927.

**Workmen's compensation — liability of employer to husband of employee for loss of services — Workmen's Compensation Law, § 11, providing that husband cannot recover is constitutional.**

Section 11 of the Workmen's Compensation Law which provides that a husband may not recover for the loss of his wife's services when she is injured in the course of her employment and becomes entitled to compensation, is constitutional.

Accordingly, the complaint in this action by a husband to recover for the loss of services of his wife by reason of injuries suffered in defendant's store must be dismissed, since it appears that plaintiff does not dispute that his wife has received and accepted payment of awards made under the Workmen's Compensation Law for the injuries suffered.

MOTION by the defendant for judgment dismissing the complaint upon the ground that the claim set forth therein has been satisfied.

*John J. McInerney*, for the plaintiff.

*Hubbell, Taylor, Goodwin & Moser* [*T. Carl Nixon* of counsel], for the defendant.

CUNNINGHAM, J.   This action is brought by the plaintiff to recover for the loss of services of his wife alleged to have been injured in the defendant's department store.

The defendant moves for judgment upon the complaint and upon an affidavit which tends to show that the claim set forth in the complaint has been satisfied.   The plaintiff has not filed any affidavit in opposition to the motion.

The affidavit sets forth that Emily Swan, the wife of the plaintiff, was, at the time she received the injuries complained of, an employee of the defendant and that such injuries were received in the course of her employment; that awards of compensation have been made to her under the Workmen's Compensation Law for the injuries thus sustained and that she has received and accepted payment of such awards so made.

If the defendant, by affidavit, " sets forth facts sufficient to show an accord and satisfaction, or a release by payment in full," and such facts are not controverted or denied by the plaintiff, the complaint will be dismissed under rule 107 of the Rules of Civil Practice.   (*Holland* v. *Atlantic Stevedoring Co.,* 239 N. Y. 605.)

Services of a wife in her home " are rendered on her husband's account in the discharge of a duty which she owes him or his family, or in the discharge of a duty which he owes to the members of his household." (*Coleman* v. *Burr,* 93 N. Y. 17, 25.)

For the loss of such services the husband has a common-law right of action, undisturbed by the Married Women's Act.   (*Brooks* v. *Schwerin,* 54 N. Y. 343.)

It must be determined whether, when a married woman has received compensation under the Workmen's Compensation Law, her husband still has a cause of action for the loss of her services.

The statute contains the following provision: " The liability of an employer   *   *   *   shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, *husband,* parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury   *   *   *." (Workmen's Compensation Law of 1922, § 11 [Laws of 1922, chap. 615].)

The act in plain and unambiguous language provides that a husband may not recover for the loss of his wife's services when she is injured in the course of her employment and becomes entitled to compensation.   It must be decided whether this section of the law is constitutional.

The Married Women's Acts have been held valid except so far as they " related to existing rights of property." (*Ryder* v.

*Hulse,* 24 N. Y. 372, 375; *Sherman* v. *Elder,* Id. 381; *Cashman* v. *Henry,* 75 id. 103.)

Plaintiff did not have any claim at the time of the passage of the Workmen's Compensation Law. His wife had not been injured. He did not, at that time, have a cause of action, so the statute does not take away an existing right of the plaintiff and does not interfere with a right vested in him.

The Constitution, as amended in 1913, gives authority to the Legislature to enact laws providing for the payment of compensation for injuries to employees and " to provide that the right of such compensation, and the remedy therefor shall be exclusive of all other rights and remedies for injuries to employees." (Art. 1, § 19.)

Speaking of this constitutional provision the Court of Appeals says: " It authorizes the Legislature to adopt an employee's compensation system and to define who should be entitled to relief for damages without any State constitutional limitation whatever." (*Shanahan* v. *Monarch Eng. Co.,* 219 N. Y. 469, 476.)

That case holds that the portion of the act making the liability for compensation exclusive and in place of any other remedy for damages is not in violation of the provisions of the State Constitution. It leaves undetermined the subject of conflict with the Federal Constitution. That question was not before the court as the claim was for the pecuniary loss caused by the death of the employee from injuries received in the course of his employment. The action was based upon the statute, confirmed by constitutional amendment permitting recovery of damages for the death of a person caused by wrongful act. As the State had given the right of action, it had the power to repeal the law and take away the cause of action so the question of inharmony with the Federal Constitution was not presented. (*Baker's Executors* v. *Kilgore,* 145 U. S. 487.)

No authority has come to my attention passing upon the power of a Legislature to provide in a compensation law that when a married woman becomes entitled to relief thereunder, her husband shall not have a cause of action for the loss of her services.

Decisions of courts of other States are cited holding that it is valid to enact that when compensation is paid to an infant his parents shall not have a right of action for the loss of his services. These are not in point for they may be sustained upon the ground that the parent has control of his child and if he consent to the child working in a business or trade in which compensation is provided by law for injuries to the minor, the parent has assented. to the statute and waived his right to a cause of action. The question of waiver is not presented in this case because " whether

or not a wife will do business or render service on her sole and separate account depends upon her election, and not upon her husband's consent." (*Coleman* v. *Burr, supra.*)

The Workmen's Compensation Law provides in effect that when a wife is injured all the compensation payable therefor shall belong to her and that the husband shall not have a right of action for the loss of her services. I believe that this is a valid enactment because of the power of the State over the marital status and its right " to control and regulate both that relation and the property rights directly connected with it." (*Baker's Executors* v. *Kilgore, supra.*)

In that case it is said: " Marriage is a civil institution, a status, in reference to which Mr. Bishop has well said, ' public interests overshadow private — one which public policy holds specially in the hands of the law for the public good, and over which the law presides in a manner not known in the other departments.' 1 Bishop on Marriage, Divorce and Separation, § 5. The relation of husband and wife is, therefore, formed subject to the power of the State to control and regulate both that relation and the property rights directly connected with it, by such legislation as does not violate those fundamental principles which have been established for the protection of private and personal rights against illegal interference."

The State has found it to be for the best interests of married women to enact that when a wife is compensated pursuant to the Workmen's Compensation Law, such compensation shall be in satisfaction of all liability for the injuries received by her, including any damages which the husband might otherwise be entitled to recover. This provision is constitutional and valid.

The facts set up in the defendant's affidavit and not denied by the plaintiff constitute a complete defense to the cause of action set forth in the complaint.

The complaint is dismissed, with costs.