HENRY HOLDER, Appellant, v. ELMS HOTEL COMPANY, a Corporation. —92 S. W. (2d) 620.

Division Two, March 21, 1936.

858

Agnes Mae Wilson, L. A. Warden and William A. Craven, for appellant.

*McCune, Caldwell & Downing, Lynn Webb* and *William R. Collinson* for respondent.

TIPTON, P. J.—In the Circuit Court of Clay County, Missouri, the appellant filed a petition alleging a common-law action for damages for loss of services, companionship and society of his wife, by

reason of personal injuries sustained on October 28, 1931, while she was employed by respondent. The appellant claimed he was damaged in the sum of twenty-five thousand dollars.

Respondent's answer alleged, in substance, that the appellant's wife was an employee and the respondent an employer within the scope of the Workmen's Compensation Act (Sec. 3299 et seq., R. S. 1929); that if she was injured as alleged, such injury was by an accident arising out of and in the course of her employment; that appellant's wife had filed a claim and had been awarded compensation under the act; and that by virtue of Section 3301, no right existed in appellant to maintain an action for loss of services under the circumstances pleaded.

Appellant's reply admitted that the injury to his wife was compensable under the act and that she had filed a claim before the commission. The reply also alleged that the act did not refer to or in any manner abrogate the common-law right of action of a husband of an employee for medical expense and loss of his wife's services and society, and further alleged that if the act did take away such common-law right of action, it was unconstitutional and void because it deprived appellant of his constitutional right to a hearing before a constitutional court and deprived him of property without due process of law.

Respondent filed a motion for judgment on the pleadings, which was sustained and judgment was entered for respondent. Appellant has appealed from that judgment.

The sole question on this appeal is whether or not the husband's common-law right to recover damages for loss of the services and consortium of his wife, resulting from respondent's negligence, is lost for the reason that she received compensation under the Workmen's Compensation Law of this State. It must be conceded that, unless the Compensation Act has taken away the husband's common-law rights in that particular, the husband would be entitled to maintain this action. To uphold its position the respondent relies upon Section 3301, Revised Statutes 1929; the pertinent parts are as follows:

"If both employer and employee have elected to accept the provisions of this chapter, the employer shall be liable irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin, at common law or otherwise,

on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter. . . ."

In discussing this section we shall refer to the first sentence as the "release clause;" the first clause of the second sentence as the "exclusion clause;" and the following clause of the second sentence, "except such rights and remedies as are not provided for by this chapter," as the "exception clause."

If the "exception clause" just quoted had been eliminated, it would be clear that the Legislature intended to abrogate the husband's common-law right to recover for the loss of his wife's services. The language is clear and unambiguous and could have no other meaning. By its terms then it would exclude any right or remedy that might be available to the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next kin arising out of the common law or otherwise on account of accidental injury or death. The question for us to decide is the proper construction to be given this exception clause.

This section has been construed by our Springfield Court of Appeals in the case of Sharp v. Producers' Produce Co., 47 S. W. (2d) 242, under an identical state of facts. We think that court properly ruled this question and will adopt the part of that opinion which construes this section which is as follows:

"In construing a statute the legislative intent must be kept in mind, if it may be ascertained, and the whole act, or such portions thereof as are *in pari materia*, should be construed, together. [Keeney v. McVoy, 206 Mo. 42, 103 S. W. 946.] Since the title to an act is essentially a part of the act and is itself a legislative expression of the general scope of the bill, it may be looked to as an aid in arriving at the intent of the Legislature. [Strottman v. St. Louis, I. M. & So. Railroad Co., 211 Mo. 227, 109 S. W. 769.]

"The title to the Workmen's Compensation Act, as shown on page 490, Laws of 1927, reads in part, as follows: 'An Act to provide a system of workmen's compensation; prescribing the manner of election and rejection of the act and the effect thereof; . . . defining the rights and liabilities of employers and employees electing to accept or reject the act, and of third persons in connection therewith.' It is indicated by the foregoing extract from the title that the Legislature, in enacting a Workmen's Compensation Law, intended, not only to define the rights of the employer and employee, but of third persons as well. In attempting to carry out that intent, Section 3301 (supra) was written. No other section of the law is applicable. The release clause defines the rights of all persons by the simple process of declaring they have none in the event the employer furnishes compensation. The same is true of the exclusion clause. Both are in harmony with the intent of the Legislature as expressed in the title to the act. But plaintiff argues that the ex-

ception clause limits the preceding clauses and preserves the rights of the husband at common law because the common-law right of the husband is not 'provided for.' We do not understand the words 'provided for' to mean 'compensated for.' It is common legal parlance to refer to different parts of a statute as 'provisions' thereof. In the title to this act itself the Legislature uses the words 'provide,' 'defining,' 'prescribing,' 'regulating,' and 'providing for,' indiscriminately, thus showing there was no intent to give to the words 'provided for' any different meaning from other synonymous words used in the title and in the body of the statute. One definition of the word 'provide' as found in Webster's New International Dictionary, is 'to stipulate.' It is in that sense we believe the Legislature used the words 'provided for' in the exception clause. It follows that, if a right or remedy be completely destroyed by the act, it would be 'provided for' or 'prescribed' or 'defined,' as we interpret those words.

"The question then arises whether or not the statute covers or provides for the right of the husband to recover at common law for loss of services of his wife, either by destroying it completely or in any degree. It is our opinion the release clause and the exclusion clause were intended to take away this common-law right of the husband. If that be true, what meaning is to be given the exception clause? If the exception clause means that the foregoing release and exclusion clause are limited thereby, then, in so far as the rights of the wife, husband, parents, etc., are concerned, the release clause and exclusion clause have no meaning whatsoever. Plaintiff's contention would result in placing the Legislature in the absurd position of saying in one breath, so to speak, that the husband's sole common-law right to recover for loss of services of his wife is destroyed and in the next breath, by said exception, saying we do not intend that this shall include his common-law rights. There is only the one common-law right of the husband in this respect, and the Legislature either destroyed it by the release and exclusion clauses or the language used means nothing. Our Supreme Court has said: 'Although it is a rule of construction that all the words used in a statute must be given a meaning and a purpose if it can be reasonably done, yet when the main purpose of the statute appears it must not be defeated in order to give effect to words that seem useless or out of place.' In re Ferguson's Estate, 206 Mo. 203, l. c. 207, 104 S. W. 108, 109. But we do not need to go that far in this case. Recognizing the rule that different portions of an act should be harmonized, if possible, we think the exception clause referred to other portions of the act which by their terms do not 'provide for' the 'employee, his wife, her husband, parents,' etc. Section 5 of the act (R. S. 1929, sec. 3303) provides that it shall not apply to em-

ployments by the State of farm labor, employment not on the premises of the employer, and certain employments by minor employers. Section 7 (Sec. 3305) makes the act inapplicable to employees whose salaries exceed $3600 per year. There are also provisions excluding employees who have contracted occupational diseases (Sec. 7) or engaged in interstate commence (Sec. 12 [Sec. 3310]). While it may be said the exception clause was unnecessary, if intended to apply to the last-mentioned provisions of the statute, it can readily be understood that the Legislature would insert such clause in order to harmonize all sections of the act. Whatever actuated the Legislature in making use of this exception clause, we are certain it was not intended thereby to preserve the common-law rights of the husband contrary to other express provisions of the act and in opposition to the evident intent to the Legislature as indicated by the title to the act. We subscribe to the view stated in McVey v. C. & P. Telephone Co., 103 W. Va. 519, 138 S. E. 97, 99, wherein the West Virginia Supreme Court, in considering the effect of certain exceptions contained in the West Virginia Act, said: 'Our act contains certain exceptions, i. e., it does not apply to certain employments; it does not apply where the employer has elected not to some within the act; it does not apply in case of defendant's willful wrong. These exceptions strengthen the view that it was the intention of the Legislature to provide, aside from the exceptions, a forum where resort may be had to settle all claims growing out of injury or death to employees. Holding these views, we affirm the action of the circuit court in sustaining the demurrer to the declaration and to each count thereof.' It is our opinion the Workmen's Compensation Act, in making provisions whereby the employer who refuses to accept the provisions of the act is deprived of the common-law defenses of assumed risk, contributory negligence, and the fellow-servant rule, practically forced the employer to accept the act and in return intended thereby to relieve him from all other liability for any injury compensable under the statute. The provisions of the law under review are susceptible of an intention in harmony with this intent of the law as we understand it, and that is the interpretation we believe should be adopted.''

The appellant contends that the Sharp case was improperly ruled and cites several cases which we will discuss.

The first case he relies upon is our case of Womach v. City of St. Joseph, 201 Mo. 467, 100 S. W. 443. In that case the plaintiff sued for loss of services and society of his wife. Judgment was rendered against the wife in her suit for personal injuries. We held that the husband's suit for loss of services, was an independent action and was not barred by the results of the wife's suit. This case is not in point because no question of the Compensation Act was involved.

In fact, the Compensation Act was not in existence at the time that case was decided.

Also the cases of Furnish v. Mo. Pac. Ry. Co., 102 Mo. 669, 15 S. W. 315, and Hopkins v. Mobile & O. Railroad Co., 33 S. W. (2d) 1009, are not in point for the same reasons. Both of those cases recognize that the husband has an independent right of action where the wife is injured, if he sustained damages.

In the case of King v. Viscoloid Co., 219 Mass. 420, 106 N. E. 988, the plaintiff's son received compensation under the Workmen's Compensation Act of the State of Massachusetts and the defendant claimed for that reason the parent's cause of action was barred. The court ruled in favor of the plaintiff for the reason that the Compensation Act of that State did not directly or by necessary implication abrogate the parents' right of action for injuries to their minor son. In passing on the question that court said:

"In our statute there is no direct enactment taking away the parent's right of action, and we find nothing which takes it away by necessary implication. The Legislature simply have not covered the case, as in Parsons v. Merrill, 5 Met. 356. If they had chosen not to leave the parent's right of action unaffected, they might have taken it away altogether; they might have made some stated division of the allowed compensation between the minor employee and his parent; they might have provided (like the Rhode Island Legislature) that the election between the statutory remedy and that given by the common law should be made by the parent of a minor employee and should bind both parent and child. How can the court say which if either of these courses would have been adopted by the Legislature? It seems plain that neither one of them can be held to have been manifestly intended by the language of the act. But we have no right to conjecture what the Legislature would have enacted if they had foreseen the occurrence of a case like this; much less can we read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose."

In the case of Roxana Petroleum Co. v. Cope, 132 Okla. 152, 269 Pac. 1084, the Supreme Court of Oklahoma held that a parent could recover for injuries to her minor son for the same reasons assigned in the King case. Neither the King case or the Cope case are in point because the statutes of those states are entirely different from ours.

In the appellant's reply brief, he cites the case of our Kansas City Court of Appeals in the case of Miller v. Savoy Hotel Co., 68 S. W. (2d) 929. In that case the parents sued on account of the death of their minor son. That court held that the plaintiff's cause of action came within the exception clause of Section 3301 because the parents were not dependents of their injured son and as Sec-

tion 3319, Revised Statutes 1929, did not provide compensation where the deceased employee did not leave dependents, the parents could recover. That case could be distinguished from the case at bar. However, we do not approve of the expression in that case that the phrase "not provided for by this chapter" found in Section 3301, supra, means "not compensated for by this chapter."

■ The appellant contends that "The Workmen's Compensation Act, Chapter 28, Revised Statutes 1929, and each and every section thereof, and amendments thereto of the Laws of 1931, pages 382 to 384, inclusive, are unconstitutional and void and for the reason that it is in conflict with and in violation of Sections 1, 22, and 23 of Article VI and Article III of the Constitution of Missouri in that it deprives the plaintiff of a hearing in a constitutional court." These contentions have been overruled by this court in DeMay v. Liberty Foundry Co., 327 Mo. 495, 37 S. W. (2d) 640. We followed that case in the cases of Waterman v. Bridge & Iron Works, 328 Mo. 688, 41 S. W. (2d) 575, and we therefore, overrule the contentions of the appellant.

■ The appellant also claims that this act violates the due process clauses of the State and Federal Constitution. "We need not, therefore, elaborate the rule that the Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object." [Silver v. Silver, 280 U. S. 117, 74 L. Ed. 221, 61 A. L. R. 939.] A husband has no vested right arising out of a future tort to his wife. [Sharp v. Producer's Produce Co., supra.] "It can be assumed without misgiving that there is no vested right in any remedy for a tort yet to happen which the Constitution protects. Except as to vested rights, the legislative power exists to change or abolish existing statutory and common-law remedies." [Mackin v. Detroit-Timkin Co., 187 Mich. 8, 153 N. W. 49.] To the same effect are the cases of Hilsinger v. Zimmerman Steel Co., 193 Iowa, 708, 187 N. W. 493; Houston Pipe Line Co. v. Beasley (Tex. Civ. App.), 49 S. W. (2d) 950. We rule this contention against the appellant.

We think the judgment of the circuit court was correct. It is, therefore, affirmed. All concur.