JOHN DANEK, PLAINTIFF-APPELLANT, v. JULIUS J. HOM-
MER AND KATHERYN HOMMER, PARTNERS TRADING
AS HOMMER TOOL & MFG. CO., DEFENDANTS AND
THIRD-PARTY PLAINTIFFS-RESPONDENTS, AND NEW
JERSEY MANUFACTURING CASUALTY INSURANCE
COMPANY, A CORPORATION OF THE STATE OF NEW
JERSEY, THIRD-PARTY DEFENDANT-RESPONDENT.

Argued February 11, 1952—Decided March 10, 1952.

*Mr. Meyer M. Semel* argued the cause for the appellant.

*Mr. Joseph Weintraub* argued the cause for the respondents (*Messrs. McGlynn, Weintraub & Stein,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J.   This is an appeal from a judgment of the Essex County Court, Law Division, entered in favor of the defendants-respondents and against the plaintiff-appellant, as the result of a motion for summary judgment.   The appeal is before us on our own motion.

The plaintiff husband, without the joinder of his wife, sued *per quod consortium amisit* for the loss of consortium due to injuries his wife received while in the defendant's employ. His wife had already received an award for such injuries pursuant to the Workmen's Compensation Act, *R. S.* 34:15-1 *et seq.*   Since the institution of this action the defendant-employer obtained an order to implead the insurance carrier as a third-party defendant and the parties to the latter action agreed to stay the proceedings therein until the determination of the question presently raised in this cause.

■■ The question here presented is whether the elective provisions of Article II of the Workmen's Compensation Act constitute a complete substitute for the common law action *per quod consortium amisit.* The contention of the appellant is that while the Legislature had the undoubted power to bar the husband's action *per quod* it did not do so in express language and that the court cannot by implication read into the statute an intention to repeal or abolish the husband's right *per quod*.

The relevant provisions of the act are as follows:

*L.* 1911, *chapter* 95, *page* 134:

"An Act prescribing ,the liability of an employer to make compensation *for injuries received by an employee in the course of employment, establishing an elective schedule of compensation* and regulating procedure for the determination of liability and compensation thereunder."

*R. S.* 34:15–7:

"When employer and employee shall by agreement, either express or implied, as hereinafter provided, accept the provisions of this article compensation for personal injuries to, or for the death of, such employee by accident arising out of and in the course of his employment shall be made by the employer without regard to the negligence of the employer, according to the schedule contained in sections 34:15–12 and 34:15–13 of this title in all cases except when the injury or death is intentionally self-inflicted, or when intoxication is the natural and proximate cause of injury, and the burden of the proof of such fact shall be upon the employer."

*R. S.* 34:15–8:

"Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee himself and for compensation for his death and shall bind his personal representatives, his widow and next of kin, as well as the employer, and those conducting his business during bankruptcy or insolvency."

The trial court came to the conclusion that the Legislature had in view the benefits of the compensatory scheme, not founded in tort, to both the employee and the employer set up in the act and designed the new remedy thereby afforded and that the remedy was not only exclusive with respect to the employee, which is conceded, but also effected a limitation

on the employer's liability. This conclusion of the trial court seems implicit in the title and the relevant provisions of the act.

This construction has had the approval of the courts of this State over the years. In *Sexton v. Newark District Telegraph Co.,* 84 *N. J. L.* 85 (*Sup. Ct.* 1913), at *page* 100, affirmed 86 *N. J. L.* 701 (*E. & A.* 1914), the court said:

"* * * the aim of which is to substitute, either by compulsion or by the voluntary act of the employers, for the common law liability for negligence, a definite payment by the employer, irrespective of negligence, which shall reach the workman or his dependents quickly and with small expense."

In *Young v. Sterling Leather Works,* 91 *N. J. L.* 289 (*E. & A.* 1917), the court held that the act was a complete substitute for the previous common law rights of recovery and in *Miller v. National Chair Co.,* 127 *N. J. L.* 414 (*Sup. Ct.* 1941), affirmed 129 *N. J. L.* 98 (*E. & A.* 1942), the court stated it was the declared policy of the statute to preclude any other recovery or measure of compensation in cases ruled by its terms, and finally this court in *United States Casualty Co. v. Hercules Powder Co.,* 4 *N. J.* 157 (1950) said:

"In fine, the purpose of the act, with respect to the employer-employee relationship, was to supersede the common law redress in tort cases, and statutory rights consequent upon death by wrongful act, and to substitute therefor a strictly statutory formula for making compensation for the injury or death of an employee, irrespective of the fault of the employer or of the contributory negligence and assumption of risk of the employee."

These cases make it clear that there was substituted for the common law rights in tort arising out of an injury to an employee in the course of his employment, a remedy which is in essence social insurance for the remedy in tort at common law; and it would seem that on principle if there be no tort liability on the part of the employer to the injured wife, and that is conceded in this case, the husband can have

no right of action for the consequent damage suffered by him
as the result of the tortious injury to his wife.. It would be
anomalous to hold that the employer is under no liability
in tort to a married employee but is liable in tort to her
husband for the consequences to him of the tortious injury
to his wife.

When the employer and employee elect to have their rights
adjudged and fixed pursuant to the terms of the Compensa-
tion Act then the common law remedy in tort falls by
reason of the statutory contract for compensation, based not
upon the principle of tort but on remuneration regardless of
fault to the injured employee. With it fell any action in
tort that the husband had by virtue of the marital status
of his employee-wife. This seems to be the rational conse-
quence of the changed relationship by consent of the parties
affected under the act, whereby the employer becomes im-
mune from liability for tort in consideration of the payment
of compensation · at a fixed rate irrespective of fault. This
seems to be so implicit in the statute that it is as much a
part of it as if it had actually been therein expressed.

The statute regulates under certain conditions contracts of
hire entered into in this State and to make . such contracts
binding upon adult and minor, husband and wife alike.
*Cf. Young v. Sterling Leather Works, supra, page* 295.

The appellant argues further that the right of consortium
is not a derivative right but an independent and separate
right of the husband, citing *Kimpel v. Moon,* 113 *N. J. L.*
220 (*Sup. Ct.* 1934). This can be conceded, but this is
equally true of an action brought under the Death Act, which
action is a separate and distinct action from the action which
the decedent could have brought if death had not ensued..
*Gregutis v. Waclark Wire Works,* 86 *N. J. L.* 610 (*E. & A.*
1914). The *Gregutis* case holds that the Compensation Act
is exclusive despite the fact that the remedy provided by
the Death Act is purely statutory.

In *Buonfiglio v. R. Neumann & Co.,* 93 *N. J. L.* 174
(*E. & A.* 1919) and in *Hartman v. Unexcelled Mfg. Co.,* 93

*N. J. L.* 418 (*E. & A.* 1919), both cases involving the right of a parent to recover for injuries to a child-employee, the principle was laid down that the statute was intended as compensation for all elements of damages; and in the *Hartman* case the court said:

"Then in case of injury the whole theory of the act is that the compensation shall be paid to, and sued for by, the employe or dependents, or beneficiaries. These are the words of the statute itself. Nowhere therein is a parent, *qua parent*, recognized as entitled to any of the prescribed compensation."

In *Miller v. National Chair Co., supra,* it was pointed out that one of the purposes of the act was to set up for the employers a liability which is limited and determined. To allow a recovery *per quod consortium amisit* merely because such an action is not expressly and specifically mentioned or repealed in the body of the act would render the liability of the employer most uncertain and indeterminate. It would defeat one of the principal purposes of the act.

We do not consider the question *res novo* as intimated by the appellant merely because this is the first time the question has been raised in our courts. Rather we feel that the entire Bar of this State and the Legislature have been over the years in accord with the construction placed upon the Workmen's Compensation Act, that it provided an exclusive remedy for injuries received by an employee in place of the common law remedies in tort previously available as redress for injuries.

Having concluded that the action itself does not lie it is unnecessary to determine the question whether it was barred by the statute of limitations, *R. S.* 2:24–2.

The judgment of the Essex County Court is affirmed.

VANDERBILT, C. J. (dissenting). At common law a husband has a cause of action *per quod* for the loss of consortium attributable to injuries tortiously inflicted on his wife by third persons, *Nuzzi v. United States Casualty Co.,*

121 *N. J. L.* 249, 254 (*E. & A.* 1938), wherein it was stated that "a husband, from the earliest times at common law, was entitled to recover for any wrongful act *per quod consortium amisit.* 3 *Bl. Com.* 140. This loss is a personal injury." The injury to the husband is personal to him and independent of any cause of action his wife might have. But while the injury to the husband is personal to him, it is not an injury to his person and therefore the six-year statute of limitations prescribed by *R. S.* 2:24–1 (now *N. J. S.* 2A:14–1) is applicable rather than the two-year statute, *R. S.* 2:24–2 (now *N. J. S.* 2A:14–2) which applies only to "injuries to the person."

*Blackman v. Iles,* 4 *N. J.* 82, 89 (1950), a case quite similar to the present one, held that the "Heart Balm Act" did not destroy a parent's right to recover for the loss of services of a minor child resulting from her seduction, even though the child itself was precluded from recovering. In that case the court said:

"A statute may take away a common law right but there is always a presumption that the Legislature had no such intention. *Sutherland, Statutory Construction* (3rd ed. 1943), *vol.* 3, § 6201. If a change in the common law is to be effectuated, the legislative intent to do so must be clearly and plainly expressed. *Carlo v. Okonite-Callender Cable Co.,* 3 *N. J.* 253 (*Sup. Ct.* 1949)."

The workmen's compensation law in this State may be searched in vain for any expressed intention to abolish the time-honored right of a husband to recover *per quod* for the loss of consortium, and such intention is not to be supplied by presumption.

The workmen's compensation law specifically provides that when by agreement, expressed or implied, an employer and employee accept its provisions, "such agreement shall be *a· surrender by the parties thereto of their rights* to any other method, form or amount of compensation or determination thereof," *R. S.* 34:15–8. A husband is not a party to his wife's employment contract, but on the contrary he is a stranger to it. He has no control over or right to the

earnings his wife receives from her outside employment and his duty to support her is not diminished by reason of her separate earnings, *Fitzsimmons v. Federal Shipbuilding & Dry Dock Co.*, 4 *N. J.* 110, 114 (1950). There is no provision in the statute for compensating a husband for his loss of consortium, and it can hardly be said, in the absence of plain language to that effect, that it was intended to deprive him of his independent cause of action without even purporting to compensate him for his loss.

The majority seek support in the fact that a parent's right to recover for injuries to his minor employed child is barred by the workmen's compensation law, but the relation of parent and child is quite dissimilar to that of husband and wife, the parent having full and complete control over the earnings of an unemancipated minor child, and *R. S.* 34:15–10 makes special provisions for compensating minors. The majority likewise rely on the fact that the workmen's compensation law governs in actions against an employer for wrongful death, but this is only because *R. S.* 34:15–4 expressly states that 'the compensation law "shall apply to any claim for the death of an employee" arising under *R. S.* 2:47–1 to 2:47–6 (now *N. J. S.* 2A:31–1 to 2A:31–6).

Undoubtedly the Legislature has the power to abolish by statute a husband's common law action for the loss of consortium, but in the workmen's compensation laws, as written, it has not done so. For the court to read into the statute such an intent that has not been clearly expressed therein is both to ignore fundamental common law principles of statutory construction and to invade the province of the Legislature.

I am therefore constrained to vote to reverse the judgment below.

*For affirmance*—Justices HEHER, OLIPHANT, WACHENFELD and BURLING—4.

*For reversal*—Chief Justice VANDERBILT—1