Henry THOL, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 14041.

United States Court of Appeals,
Ninth Circuit.

Dec. 21, 1954.

Wellington D. Rankin, Arthur P. Acher, O. Louise Replogle, Helena, Mont., for appellant.

Warren E. Burger, Asst. Atty. Gen., Leavenworth Colby, Sp. Asst. to Atty. Gen., Krest Cyr, U. S. Atty., Butte, Mont., for appellee.

Before HEALY and ORR, Circuit Judges, and WALSH, District Judge.

HEALY, Circuit Judge.

Appellant's minor son, employed by the United States Forest Service as a smoke jumper, met his death August 5, 1949 in line of duty while attempting with other employees of the Service to suppress a fire raging in a national forest in Montana. In 1951 appellant brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., alleging negligence on the part of the Forest Service officials and praying damages on account of "the loss of the comfort, society, and companionship of his son, and contributions toward his support." The suit was dismissed on motion of the government on the ground that the complainant's exclusive remedy is provided by the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.[1]

While it was not in terms alleged that the complainant is a non-dependent parent, we assume for decisional purposes that such was his status. As a nondependent he is entitled to benefits under the Employees' Compensation Act to the extent only of a burial allowance in an amount not exceeding $400. 5 U.S.C.A. § 761. Because under the Compensation Act no benefits are payable on account of his asserted loss he urges that the Act should not be construed as depriving him of a remedy under the Tort Claims statute.

By amendment to the Federal Employees' Compensation Act adopted October 14, 1949, 63 Stat. 854, 5 U.S.C.A. § 757(b), Congress declared the liability of the United States thereunder to be exclusive of all other liability to any person on account of the service-incident death or injury of government employees.

Section 757(b) in material part reads: "The liability of the United States or any of its instrumentalities under sections 751–756, 757–791, and 793 of this title or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee, his legal representative, spouse, dependents, next of kin, *and anyone otherwise entitled to recover damages from the United States or such instrumentality,* on account of such injury or death, in any direct judicial proceedings in a civil action * * * or under any Federal tort liability statute: * * *." [Emphasis supplied.] Apparently out of an abundance of precaution, the provision regarding exclusiveness of remedy was made to apply, with exceptions not here material, "to any case of injury or death occurring prior to the date of enactment of this Act." Section 303(g), 63 Stat. 867, 5 U.S.C.A. § 757 note.

In Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, the Supreme Court held the 1949 amendment above quoted to be merely declaratory of the pre-existing law. Apart from that holding, it is hardly open to question that Congress possessed authority to provide as it did that the amendment itself was to operate retroactively. Accordingly our sole problem is one of statutory construction. Preliminarily it is significant to observe that the statute speaks only in terms of the liability of the United States. In unmistakable language it precludes resort to a suit in damages against the United States for injury to or death of an employee by *anyone* who might in the absence of the statute have been entitled to maintain an action for such injury or death.

Comparable provisions of state workmen's compensation acts have been uniformly construed as barring independent common law suits against employers in situations, as here, not falling

---

1. Appellant claims that under Montana law he would have a right of action for the loss suffered. We assume, as apparently the trial court did, that such is the case.

within the coverage of the compensation acts. We need not burden this opinion with citations of the cases, a number of which are referred to in Underwood v. United States, 10 Cir., 207 F.2d 862. There appear to have been but two federal circuits which have spoken on the subject. The Tenth Circuit in the Underwood case above mentioned held that the terms of the Act bar an independent common law suit, the suit in that case being by a husband for loss of consortium. The Court of Appeals of the District of Columbia Circuit in Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F. 2d 811, 23 A.L.R.2d 1366, reached a contrary result. The latter decision supplies appellant's chief if not his only authority. We think the decision is wrong.

Judgment affirmed.