**Myrtle V. BROWN, Appellant,**

v.

**CURTIN & JOHNSON, Inc.,**
**Appellee.**

**No. 12210.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 7, 1955.

Decided March 24, 1955.

---

Mr. George B. Parks, Washington, D. C., with whom Mr. Walter E. Washington, Washington, D. C., and Mrs. Juanita K. Stout, Philadelphia, Pa., were on the brief, for appellant.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. Paul R. Connolly, Jr., Washington, D. C., was on the brief, for appellee. Mr. John P. Arness, Washington, D. C., entered an appearance for appellee.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

 This case raises the question whether the decision in Hitaffer v. Ar-

gonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, certiorari denied, 1950, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624, should be extended to a case of fatal injury. We there held that a wife could recover damages from her husband's employer for loss of consortium where the husband had received a non-fatal industrial injury, even though an award had been made for the injury under the Workmen's Compensation statute.[1] The District Court subsequently held that in cases where the injury causes death, and the widow sues for loss of consortium, no recovery can be had. Brown v. Curtin & Johnson, D.C.D.C.1954, 117 F.Supp. 830, the case at bar; O'Neil v. Shelton Bros. Trucking Co., D.C.D.C.1953, 116 F.Supp. 654; Ciarrocchi v. James Kane Co., D.C.D.C.1953, 116 F.Supp. 848. As was pointed out in the O'Neil case:

> "At common law * * * a wife has no right of action for loss of consortium or other injury on account of the *death* of her husband by wrongful act, as she is held to have in Hitaffer in the case of his *injury*. Plaintiff is therefore precluded from maintaining such a separate action under the common law. Her sole right of action in case of death by wrongful act must be found in the Wrongful Death Statute [D. C.Code § 16–1201 (1951)], but an action thereunder may only be maintained [by the personal representative and] if the wrongful act was one which would have entitled her husband to maintain it had death not ensued. Because of the exclusive [liability] provisions of the Compensation Act [33 U.S.C.A. § 905 (1952)] * * * that would have been forbidden to the husband, and therefore it follows that it is forbidden to the wife. In addition, all right to damages has been superseded by the express provisions of the Compensation Act itself and by the award and acceptance by her of benefits thereunder." 116 F.Supp. at page 656. (Footnotes omitted.)

1. D.C.Code § 36–501 et seq. (1951); 33 U.S.C.A. § 901 et seq. and note.

**108**

For the reasons stated, we consider that the trial court properly directed a verdict for defendant-appellee in this case.

Appellee suggests that we consider whether Hitaffer was erroneously decided, insofar as it declined—on the facts there presented—to give effect to the exclusive liability provisions of the Compensation Act. Powerful arguments are advanced on the point, some of a nature not put before us when Hitaffer was argued. It will be time enough for us to consider them, however, when a case reaches us in which resolution of the point is necessary to a decision.

The judgment of the District Court will be

Affirmed.