**SMITHER AND COMPANY, Inc.,**
Appellant,

v.

**Franciska T. COLES, Appellee.**
No. 12804.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 26, 1956.

Decided Feb. 21, 1957.

Writ of Certiorari Denied June 10, 1957.
See 77 S.Ct. 1299.

Mr. Justin L. Edgerton, Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., and Randolph C. Richardson, Washington, D. C., were on the brief, for appellant.

Mr. William E. Owen, Washington, D. C., with whom Mr. Ralph Stein, Washington, D. C., was on the brief, for appellee.

Messrs. David G. Bress and Leonard Braman, Washington, D. C. (both appointed by this Court), filed a brief as amici curiae, urging affirmance.

Mr. Paul R. Connolly, Washington, D. C., filed a brief on behalf of The Association of Casualty and Surety Companies and The American Mutual Alliance as amici curiae, urging reversal.

Before EDGERTON, Chief Judge, and PRETTYMAN, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges, sitting en banc.

BURGER, Circuit Judge.

Charles E. Coles, husband of appellee, was injured in the course of employment by appellant. Coles received compensation benefits in due course, under the District of Columbia Workmen's Compensation Act.[1] This Act adopts as the compensation law for the District of Columbia the Longshoremen's and Harbor Workers' Act.[2]

After Coles had received the maximum benefits under the Act his wife brought action in the district court asking damages for loss of consortium as a result of the injuries sustained by Coles while working as a painter for appellant. The wife's complaint alleged negligence of the appellant in supplying its employee with a defective ladder, the breaking of which is said to have caused the fall and injury.

At the conclusion of appellee's opening argument and again after presentation of appellee's case appellant moved for a directed verdict on the ground that a separate action by a wife based on injuries sustained by her husband in the course of employment was explicitly barred by Section 5 of the Act, supra note 2, and that Hitaffer v. Argonne Co.,[3] which held to the contrary, was incorrectly decided by this court. The trial judge correctly regarded himself bound by that holding and denied appellant's motion. The appellant offered no defense on the issue of liability, standing on his motion for a directed verdict and argument as to the error of the Hitaffer case.

We agree with appellant that this court incorrectly applied the controlling statute in the Hitaffer case, and for the reasons now discussed we overrule Hitaffer v. Argonne Co. as to the interpretation of Section 5 of the Act.

In deciding the Hitaffer case this court departed from two concepts previously regarded as settled; we are called upon to deal with only one of these points on this appeal.[4] To reach the statutory question there presented, namely, the "interpretation of the breadth of the exclusive liability provisions of the Longshoremen's and Harbor Workers' Compensation Act * * *," this court had

---

1. D.C.Code 1951, § 36–501.

2. 44 Stat. 1424 (1927), as amended, 33 U.S.C.A. §§ 901 et seq. Section 5 of that Act provides, 33 U.S.C.A. § 905:
"The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that

the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."

3. 87 U.S.App.D.C. 57, 183 F.2d 811, 812, 23 A.L.R.2d 1366, certiorari denied 1950, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624.

4. In Brown v. Curtin & Johnson, Inc., 1955, 95 U.S.App.D.C. 234, 235, 221 F.2d 106, 108, we said: "Appellee suggests that we consider whether Hitaffer was erroneously decided, insofar as it declined —on the facts there presented—to give effect to the exclusive liability provisions of the Compensation Act. Powerful arguments are advanced on the point, some of a nature not put before us when Hitaffer was argued. It will be time enough for us to consider them, however, when a case reaches us in which resolution of the point is necessary to a decision."

to conclude that, as a matter of common law, a wife was no longer barred from "a cause of action for loss of *consortium* resulting from a negligent injury to her husband."[5] Assuming, *arguendo*, the wife has a separate cause of action for loss of consortium, corresponding to the separate right of the husband in that respect, the question presented by this appeal is whether 33 U.S.C.A. § 905, Section 5 of the Act, bars the right of the wife to maintain a separate action in the circumstances presented by this record.

The essential statutory provision which governs, and which we think requires our overruling of the Hitaffer case, reads:

"The liability of an employer prescribed in section 904 of this chapter *shall be exclusive* and *in place of all other* liability of such employer to the employee, his legal representative, husband *or wife*, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer * * * on account of such injury or death * * *." (Emphasis added.)

We are not unmindful, to paraphrase Mr. Justice Frankfurter and Judge Learned Hand,[6] that the literal words of a statute sometimes can be misleading, and that we do not stop but only begin with the words. Sometimes the words are such that the purposes of the statute and the entire statutory scheme must be taken into account. The words must be read and interpreted as a part of the whole.

The history of the development of statutes, such as this, creating a compensable right independent of the employer's negligence and notwithstanding an employee's contributory negligence, recalls that the keystone was the exclusiveness of the remedy. This concept emerged from a balancing of the sacrifices and gains of both employees and employers, in which the former relinquished whatever rights they had at common law in exchange for a sure recovery under the compensation statutes, while the employers on their part, in accepting a definite and exclusive liability, assumed an added cost of operation which in time could be actuarially measured and accurately predicted;[7] incident to this both parties realized a saving in the form of reduced hazards and costs of litigation. As stated by Mr. Justice Brandeis in Bradford Electric Co. v. Clapper, 1932, 286 U.S. 145, 159, 52 S.Ct. 571, 576, 76 L.Ed. 1026, the purpose of these laws was to provide "not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinative." Thus, anything that tends to erode the exclusiveness of either the liability or the recovery strikes at the very foundation of statutory schemes of this kind, now universally accepted and acknowledged.

There is some significance in the statutory history of Section 5 of the Longshoremen's and Harbor Workers' Act. The Act is based on the New York Workmen's Compensation Law, § 11, McK. Consol.Laws, c. 67,[8] whose "exclusive liability" clause has been termed the broadest of the three types in existence.[9] Sec-

---

5. No court anywhere had so held when Hitaffer was decided.

6. Massachusetts Bonding Co. v. United States, 1956, 352 U.S. 128, 138, 77 S.Ct. 186, 1 L.Ed.2d 189.

7. The widespread use of workmen's compensation insurance renders the aspect of predictability and actuarial determinations of some consequence.

8. See H.R.Rep. No. 1422, 70th Cong., 1st Sess. 1 (1928).

9. 2 Larson's Workmen's Compensation Law § 66.10 (1952):
   "There are three general types of 'exclusive liability' clause which, for present purposes, must be carefully identified with the cases that depend upon them; from the narrowest to the broadest, they are as follows: The Massachusetts type, which only says that the employer, by coming within the Act, waives *his* common-law rights; the California and Michigan type, which say that the employer's liability shall be 'exclusive,' or that he

tion 5 of the Longshoremen's Act was described by the Senate committee reporting the Longshoremen's Bill as "abolishing liability on the part of the employer except for the payment of the prescribed compensation * * *" S. Rep. No. 973, 69th Cong., 1st Sess. 16 (1926).

In 1949 Congress amended the Federal Employees Compensation Act [10] by inserting an exclusive liability clause the same, in all material aspects, as Section 5 of the Longshoremen's and Harbor Workers' Act. The purpose of this amendment was "to make it clear that the right to compensation benefits under the act *is exclusive and in place of any and all* other legal liability of the United States or its instrumentalities * * *." S. Rep. No. 836, 81st Cong., 1st Sess. 23 (1949), U.S.Code Cong.Service 1949, p. 2135.[11] (Emphasis added.) From this background it can be seen Congress was necessarily interested in the employers' immunity to suits as well as in the employees' right to recovery.[12]

The "exclusive" nature of legislation delimiting an employer's liability has been consistently stressed by the Supreme Court. Such federal acts have been interpreted as pre-empting similar rights arising under state workmen's compensation laws, and also as barring common-law rights of action. In New York Central & Hudson River R. R. Co. v. Tonsellito, 1917, 244 U.S. 360, 37 S. Ct. 620, 61 L.Ed. 1194, the effect of the 1908 Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. was in issue. The father of a minor boy brought suit

against the railroad for loss of his son's services on account of injuries sustained in his employment. The state court allowed recovery, ruling that the Federal Employers' Liability Act did not take away the father's right of action as it existed at common law. In reversing, the Supreme Court cited New York Central R. Co. v. Winfield, 1917, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045, and Erie R. Co. v. Winfield, 1917, 244 U.S. 170, 37 S.Ct. 556, 61 L.Ed. 1057, and stated:

> "There we held the [Federal Employers' Liability] act 'is comprehensive and, also, exclusive' in respect of a railroad's liability for injuries suffered by its employees * * *. Congress having declared when, how far, and to whom carriers shall be liable on account of accidents in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the State." [13]

Appellee urges that the instant Act, which was adopted in 1927, cannot be construed to bar a right not then recognized as existing in the wife, and not acknowledged by this court until 1950. The most that can be said for this argument is that Congress did not take into account that one day, whether by judicial or legislative action, a wife might be granted the right to sue for loss of consortium on account of an injury to the husband. Possibly this may be true for the legislative history is not conclusive. It is equally arguable, however, that Congress *anticipated* such an eventuality and

---

shall have 'no other liability whatsoever'; and the New York type, which carries this kind of statute one step further by specifying that the excluded actions include those by such 'employee, his personal representatives, husband, parents, dependents, or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise, on account of such injury or death.' "

10. 39 Stat. 742 (1916), as amended, 5 U.S.C.A. §§ 751 et seq., 757(b).

11. See also Johansen v. United States, 1952, 343 U.S. 427, 435–437, 72 S.Ct. 849, 96 L.Ed. 1051.

12. "It is significant, we think, that the Congress chose to speak in terms of liability of the government, not in terms of remedies or rights of action, and in doing so, it gave a right of action only to the extent that it saw fit to relax governmental immunity from any liability." Underwood v. United States, 10 Cir., 1953, 207 F.2d 862, 864.

13. 244 U.S. at pages 361–362, 37 S.Ct. at page 621.

the words of the statute would support that view. More important, however, the objectives of the legislation and the statutory scheme, considered as a whole, strongly if not conclusively support the result we now reach.[14]

The opinion in the Hitaffer case emphasized the independent nature of the wife's right to consortium, stating, "In this jurisdiction the action for loss of *consortium* does not stand on subrogation but arises directly from the tort." The court then proceeded to hold it "contrary to reason" that Section 5 would cut off independent rights of third persons, *e. g.* the "independent" right of the wife. To substantiate this latter proposition the court relied on certain contribution cases permitting a third person joint tort feasor, sued by an injured employee previously compensated under the Act, to implead the employer.[15] Not only has it since been decided that the employer is not liable for contribution to a third party,[16] but the cases cited in the Hitaffer opinion involved indemnity claims based on an express or implied promise of reimbursement.[17] The assertion of independent *contractual* rights against an employer is quite different from a claim based on *damages* "on account of an injury." [18] The one is based on contract and the other on a tort concept. As stat-

ed by the Second Circuit in American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 1950, 182 F.2d 322, 324, "To impose a non-contractual duty of contribution on the employer is *pro tanto* to deprive him of the immunity which the statute grants him in exchange for his absolute, though limited, liability to secure compensation to his employees."

▆ If the rights of Mrs. Coles arise *"directly from the tort"* done by appellant, as stated in Hitaffer, her "rights" must still be regarded as within the meaning of the statute which tells us that the statutory liability is to replace all other liability of the employer to the employee, the employee's husband or wife and various others who, prior to the statute might have had a right to recover. In the Hitaffer opinion this court conceded that "the plain and literal language" of this statute *could* be construed to bar "any right of action flowing from the compensable injury," but rejected that interpretation. We think the statute cannot be read any other way without doing extreme violence to those "plain and literal" words read in the light of the purposes of the Act.

Whether the right of a spouse be regarded as independent, *i. e.*, arising directly from the tort, or as derivative, that right does not come into existence

---

14. The dissent makes much of the "language in section 5 following the exclusive liability clause." That phase of the dissent rests on the premise that the language of Section 5 applying to insured employers is ambiguous. The suggestion that there is in fact ambiguity in the controlling language of Section 5 is emphatically rejected by the majority. Even the Hitaffer opinion acknowledges that Section 5 is "plain." The discussion of statutory intent, legislative history and holdings of other courts should not suggest we need do more than read the "plain and literal language" of Section 5 to support this holding.

15. Rich v. United States, 2 Cir., 1949, 177 F.2d 688; The Tampico, D.C.W.D. N.Y.1942, 45 F.Supp. 174.

16. See, e. g. Pope & Talbot v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318.

17. See 2 Larson's Workmen's Compensation Law § 66.20 (1952). See also American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 1950, 182 F.2d 322.

18. Thus, appellee's reliance on such recent cases as Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 is misplaced. In the Ryan case the Supreme Court reiterated that a third party's *contractual* claim of indemnity against an employer is not barred by Section 5, but the Court specifically reserved the issue "of the exclusionary effect of the Compensation Act upon a right of action of a shipowner under comparable circumstances without reliance upon an indemnity or service agreement * * *." Id. 350 U.S. at page 132, 76 S.Ct. at page 236, note 6. See also Halcyon Lines v. Haenn Ship Corp., supra note 16, 342 U.S. at page 287, 72 S.Ct. at page 280, note 12.

except for the occurrence of the injury. Absent a compensable injury to the one spouse there would be no claim to assert against the employer. In that sense certainly the "rights" are not independent of but *derive* from or are on account of a compensable injury to the employee. We need not decide, however, whether the right of one spouse to recover damages for loss of consortium is derivative or independent; under this statute, as indeed under the statutory scheme of such statutes everywhere, *all the rights* of "husband or wife" are merged into the exclusive remedy provided by the Act and are barred by a recovery under the Act. Thus it seems clear that the "husband or wife" in the context of this statute and in this legal situation is not one of the third persons as to whom legal rights may arise or attach. Whether suing personally or in a representative capacity, the "husband or *wife*" are both affirmatively excluded by the express terms of Section 5.

In the Hitaffer opinion this court attached importance to the fact that a spouse whose consortium action is barred receives no *quid pro quo* under the Act. To measure the scope of the exclusive liability provision by an inquiry whether or not recovery is provided for every conceivable damage suit is an erroneous test. "As in the case of uncompensated elements of damage, the remedy is barred even if the parent or spouse, being nondependent, gets no valuable compensation rights in place of the common-law or statutory death-action rights destroyed." 2 Larson's Workmen's Compensation Law § 66.20 (1952).

The Hitaffer opinion also dwelt on the absence of a distinction within the Act between single and married employees. The simple answer is that the measure of compensation as provided by the Act is the average weekly wage, which, in our industrial system, does not differentiate between single and married employees.

In reaching its conclusion in the Hitaffer case, this court failed to give any consideration to, and indeed did not even acknowledge, prior decisions of other jurisdictions reaching the contrary result. The case of Swan v. F. W. Woolworth Co., 1927, 129 Misc. 500, 222 N.Y. S. 111, is of particular interest in that the New York court interpreted the exclusive liability clause of the New York Workmen's Compensation Act shortly after the federal bill incorporating this provision was passed. The Swan case dealt with a husband suing in a common-law action for loss of services of his wife *after* the wife had received compensation benefits under the state Workmen's Compensation Law. The crucial language of the exclusion was similar to the language of Section 5 of the Act. In construing that language the court said "The act in plain and unambiguous language provides that a husband may not recover for the loss of his wife's services, when she is injured in the course of her employment and becomes entitled to compensation." Swan v. F. W. Woolworth Co., supra, 222 N.Y.S. at page 113.

It is interesting to note that every court which had undertaken to construe the same or similar exclusionary clauses prior to the Hitaffer case had arrived at a result in conflict with the decision of this court in Hitaffer.[19] Cases decided subsequent to the Hitaffer case also followed the literal language of statutes cast in substantially the same terms. The Tenth Circuit in Underwood v. United States, 10 Cir., 1953, 207 F.2d 862, construed the exclusive liability provisions of the Federal Employees Compensation Act as barring an action for loss of consortium. The Ninth Circuit subsequently reached the same conclusion in Thol v. United States, 9 Cir., 1954, 218 F.2d 12.[20]

19. Holder v. Elms Hotel Co., 1936, 338 Mo. 857, 92 S.W.2d 620, 104 A.L.R. 339; McVey v. Chesapeake & Potomac Tel. Co., 1927, 103 W.Va. 519, 138 S.E. 97.

20. In the Underwood and Thol cases the statute is virtually identical to the Longshoremen's Act except in place of the words "husband or wife" the exclusion is of "spouse." The Tenth Circuit took note of the Hitaffer case but de-

Various state courts which have construed comparable language subsequent to 1950 have similarly rejected this court's construction in the Hitaffer case.[21]

For the reasons discussed Hitaffer v. Argonne Co. is overruled insofar ·as it applied Section 5 of the Longshoremen's and Harbor Workers' Act. The judgment appealed from is reversed and the case remanded with directions to enter judgment for appellant pursuant to its motion for directed verdict under Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Reversed and remanded.

FAHY, Circuit Judge (dissenting).

Two questions were decided in Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, certiorari denied 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624. One was, "a wife has a cause of action for loss of *consortium* due to a negligent injury to her husband." This reached new ground in this jurisdiction, after a painstaking analysis of the legal principles involved and relevant decisions. The present opinion does not disturb this part of Hitaffer. The second problem presented in Hitaffer, as a consequence of the first, was whether section 5 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1426 (1927), 33 U.S.C. § 905 (1952), 33 U.S.C.A. § 905, "cuts off the wife's right to bring this action" for loss of consortium. We held that it did not. Thereafter an effort was made to secure Congressional amendment of the Act so as to cut off the right, but no amendment thus far has been made.[1] The Court itself now overrules this part of Hitaffer.

The Court assumes, as Hitaffer decided, that there is a right of action in the wife for loss of consortium, not dependent upon the rights of the injured husband. Only the rights which cluster around him, not this separate one of the wife in her own right, I think are within the exclusive compensation provisions of section 5. Those provisions are that the employer's liability under the Act "shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty," but only "on account of such injury or death." Hitaffer reasonably construed this not to include the employer's liability to a spouse for loss of consortium, once it were held that this was an independent cause of action against the employer. In Ryan Stevedoring Co. v. Pan. Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, decided after Hitaffer, it is held that a right independent of that of the employee is not cut off by the exclusive liability clause of section 5 of the Act. The Supreme Court there said:

"The obvious purpose of this provision is to make the statutory liability of an employer to contribute to its employee's compensation the exclusive liability of *such employer to its employee, or to anyone* claiming under or through such employee, *on account of his injury or death arising out of that employment.* In return, the employee, and those claiming under or through him, are given a substantial *quid pro quo* in the form of an assured compensa-

clined to follow it saying "the language of the Act is too clear for doubt." [207 F.2d 864] See also Josewski v. Midland · Constructors, Inc., D.C.D.S.D.1953, 117 F.Supp. 681.

21. Garrett v. Reno Oil Co., Tex.Cr.App. 1954, 271 S.W.2d 764; Stainbrook v. Johnson County Farm Bureau Co-op Ass'n, 1954, 125 Ind.App. 487, 122 N.E. 2d 884; Ash v. S. S. Mullen, Inc., 1953, 43 Wash.2d 345, 261 P.2d 118; Danek

v. Hommer, 1952, 9 N.J. 56, 87 A.2d 5; Napier v. Martin, 1952, 194 Tenn. 105, 250 S.W.2d 35; Guse v. A. O. Smith Corp., 1952, 260 Wis. 403, 51 N.W.2d 24; Bevis v. Armco Steel Corp., 1951, 156 Ohio St. 295, 102 N.E.2d 444.

1. H.R. 5566, 82nd Cong., 1st Sess. (1951), referred to Committee, 97 Cong.Rec. 12500 (1951), where it seems to have remained.

tion, regardless of fault, as a substitute for their excluded claims." Id. 350 U.S. at page 129, 76 S.Ct. at page 235.

Even though loss of consortium results from the injury which gives rise to the employee's claim, the spouse's right defined in Hitaffer is not a claim under or through the employee. Furthermore, the spouse is given no *quid pro quo* as a substitute for her excluded claim. In contrast with the employee, her right is extinguished, under this Court's present ruling, with no assured or other compensation.

Language in section 5 following the exclusive liability clause gives support to Hitaffer. This language is that if an employer fails to secure payment of compensation "an injured employee, or his legal representative in case death results" may elect "to maintain an action at law or in admiralty for damages on account of such injury or death," in which event certain defenses are barred to the employer. This provision omits reference to either husband or wife. From this it seems to follow that if the exclusive liability clause, which does contain such reference, intended to include a husband's or wife's separate cause of action for loss of consortium when compensation is secured by the employer, nevertheless such cause of action is not preserved at law or in admiralty, with certain defenses barred, when the employer fails to secure compensation. This is not easily to be accepted. Reconciliation of the two segments of section 5 can be obtained by construing the reference to husband or wife in the first, or exclusive liability, clause as a husband or wife in a representative or derivative capacity in relation to the employee spouse who is injured, that is, as a "legal representative," which is the sole and all-inclusive expression used in the second segment of the section. This gives the whole of section 5 a consistent meaning and would leave the spouse free to maintain a separate action for loss of consortium, with certain defenses barred,

when the employer has failed to take out the compensation coverage.

The independent cause of action of the spouse for loss of consortium simply was not dealt with by the statute. Its judicial recognition might warrant further legislative consideration of the whole problem, but that should be for the Congress.

I am authorized to say that Chief Judge EDGERTON and Circuit Judge BAZELON join in this dissent.