Trudy A. BAKER, Plaintiff-Appellant,

v.

ARMCO, INC., Defendant-Respondent,

and

Rapid Electric Company, Inc. and Trauwood Engineering Company, Defendants.

No. WD 35224.

Missouri Court of Appeals, Western District.

Oct. 30, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 26, 1984.

Application to Transfer Denied Feb. 26, 1985.

Robert L. Shirkey, James M. Slone, Kansas City, for plaintiff-appellant.

Harlan D. Burkhead, John T. Maughmer, Kansas City, for defendant-respondent.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

BERREY, Judge.

The appellant's husband, Jeffrey C. Baker, was involved in an industrial accident while an employee of Armco, Inc. On June 8, 1981, while feeding wire into a patenting furnace machine he was electrocuted and suffered severe burns from which he died.

The patenting machine was manufactured by Armco, Inc., and used in their plant.

The appellant subsequently filed a claim for benefits under the Missouri Workers' Compensation Law and was paid benefits by Armco, Inc., pursuant thereto.

The appellant filed a two-count suit for wrongful death against Armco, Inc., Rapid Electric Company, Inc., and Trauwood Engineering Company. Armco, Inc., filed a separate motion to dismiss which the trial court sustained. Appellant appeals the court's decision.

Appellant bases her theory of recovery on a novel view—the doctrine of "dual capacity," which has had only limited application in the courts. The doctrine has been recognized in California, (but subsequently limited by legislative act).

For the uninitiated, dual capacity permits recovery in some circumstances over and above the statutory benefits provided by the Workers' Compensation Law. If the employer designs, manufactures, distributes a defective product and places it in commerce and a third party places said machine into use at the employer's business and an employee is injured he may recover under workers' compensation and sue for additional damages under tort law. In the instant case the respondent was using the machine for its own purposes and not manufacturing it for sale to the public.

Appellant would have this court, by judicial fiat, create a separate liability (dual capacity) for the death of the plaintiff because he was electrocuted using a machine manufactured by the respondent and utilized in the business of respondent without having been first placed in the stream of commerce. In her single point of error the appellant alleges the trial court erred in sustaining respondent's motion to dismiss for lack of subject matter jurisdiction.

■ There is no doubt that the trial court must treat all facts alleged in appellant's petition as true and construe all allegations favorable to plaintiff. *Shapiro v. Columbia Union National Bank & Trust Co.*, 576 S.W.2d 310, 312 (Mo. banc 1978); *Best v. Schoemehl*, 652 S.W.2d 740, 741 (Mo.App.1983). Such treatment, however, cannot create a cause of action where none exists. Such is the instant case.

Our Supreme Court noted in *Marie v. Standard Steel Works*, 319 S.W.2d 871, 875 (Mo. banc 1959):

> The compensation act, ... is not supplemented or declaratory of any existing rule, right or remedy, ... and where the employee and employer have elected to accept the provisions of the act such new right or remedy is *wholly substitutional in character and supplants all other rights and remedies, at common law or otherwise.* (Emphasis added.)

The court in *Marie, supra,* cites the following additional authority, *DeMay v. Liberty Foundry Co.*, 37 S.W.2d 640, 645 (Mo. 1931); *Cleveland v. Laclede-Christy Clay Products Co.*, 113 S.W.2d 1065, 1071 (Mo. App.1938); and section 287.120.

■ The sole claim of the appellant is that the doctrine of dual capacity be adopted in Missouri and thus avoid the rule of law limiting benefits to those afforded by workers' compensation. The instant case does not require such an approach. The issue of the adoption or rejection of the theory espoused must await another day. This is so because the doctrine as it has been accepted in the few states considering it has stated that the employer may become a third person "if—and only if—he possesses a second persona so completely independent from and unrelated to his status as

employer that by established standards the law recognizes it as a separate legal person." A. Larson, *The Law of Workmen's Compensation,* Sec. 72.81 (1983). The adoption of the doctrine under the pleaded facts of this case would afford no relief to this appellant. The decision in this case need go no further than to say that this case presents no pleaded facts to justify relief under the dual capacity doctrine.

Section 287.120, RSMo 1978, "is clear and unambiguous" and "operates to release the employer from *all other liability,*" so said the court in *State ex rel. Maryland Heights Concrete Contractors, Inc. v. Ferriss,* 588 S.W.2d 489, 490 (Mo. banc 1979) and cited by the court in *State ex rel. Hillyard Chemical v. Schoenlaub,*

610 S.W.2d 957, 959 (Mo.1981). In the latter case the appellant Willmore sought damages based on negligence and strict product liability, for injuries already compensated pursuant to Missouri Workers' Compensation Law.

The appellant has stated no cause of action as the trial court correctly found. Appellant may wish to suggest this theory to the legislature for its consideration.

Judgment affirmed.

All concur.