Lucinda GATLIN, Appellant,

v.

**TRUMAN MEDICAL CENTER and Dorothy Estabrook, Respondents.**

No. WD 41214.

Missouri Court of Appeals, Western District.

May 23, 1989.

William Robert Merryman, Kansas City, for appellant.

Marilyn Pesto, Kansas City, for respondents.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

FENNER, Judge.

Appellant, Lucinda Gatlin, brought this action against respondents Truman Medical Center (hereinafter TMC) and Dorothy Estabrook, a registered nurse at TMC, for medical malpractice which appellant claimed resulted in personal injuries to herself. Upon separate motions by the respondents, the trial court dismissed appel-

lant's cause of action against both respondents, with prejudice, finding that it lacked subject matter jurisdiction. It is from the trial court's dismissal as to both respondents that Gatlin appeals.

Appellant filed her petition for damages on November 5, 1987, alleging that while in the course of her employment as a nurse at the TMC facility she came in contact with the blood and bodily fluids of a patient who was a positive hepatitis B carrier and that as a result of this exposure, she developed acute symptomatology of the virus and was subsequently diagnosed as having the hepatitis B virus. In sum, the petition alleged that respondents failed to prevent appellant's contraction of hepatitis by: (1) failing to advise [appellant] that the patient she was caring for had hepatitis, and by (2) failing to institute prophylactic procedures, including immunization, to prevent exposure to and contraction of hepatitis. Appellant also alleged that as a result of these failures she was exposed to and contracted hepatitis.

On December 24, 1987, TMC filed its motion to dismiss for lack of subject matter jurisdiction arguing that appellant's cause of action was within the exclusive jurisdiction of the Missouri Labor and Industrial Relations Commission under Missouri Workers' Compensation Law. § 287.010, RSMo 1986, et seq. Estabrook filed an identical motion on June 15, 1988. Both motions were sustained by the trial court on March 4, 1988 and September 22, 1988, respectively. On October 21, 1988, the trial court entered an amended order dismissing, with prejudice, appellant's claims against both TMC and Estabrook.

■ Appellant presents three points on appeal. In point one, appellant avers that the trial court erred in dismissing her petition for lack of subject matter jurisdiction as to TMC on the grounds that the Workers' Compensation Law provided the exclusive remedy because TMC was not acting in the capacity of appellant's employer at the time of the alleged injury but was in its dual capacity as health care provider and as such TMC can be held liable for the alleged negligent care and treatment appellant received.

A motion to dismiss tests the sufficiency of the petition to state a claim for relief. *Shapiro v. Columbia Union National Bank and Trust Co.,* 576 S.W.2d 310 (Mo. banc 1978), *cert. denied,* 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). While this court must treat all facts as true and construe the allegations favorably to appellant, the interpretation given the petition must be reasonable, fair and intended by the pleader. *McCoy v. Liberty Foundry Co.,* 635 S.W.2d 60, 62–63 (Mo.App.1982).

Appellant maintains on appeal that after she sustained her initial exposure to the patient infected with the hepatitis B virus she then came under the treatment of the respondent, TMC, thus changing her relationship with TMC from that of employee/employer to one of patient/health care provider. Appellant submits that this set of circumstances placed TMC within the concept of "dual capacity", thus allowing her to maintain a common law action in tort against TMC for malpractice in its rendition of treatment to her.

The "dual capacity" doctrine has not been formally adopted in Missouri. The doctrine has been applied in other states for the purpose of allowing an employee to sue his employers at law for work related injuries on the theory that the employer occupied a dual capacity and that the injury to the employee resulted from a breach of duty owed by the employer to the employee separate and distinct from the duty arising out of the employer-employee relationship. *See generally,* Annot., 23 ALR 4th 1151 (1983).

However, for purposes of this appeal, it is not necessary to reach the issue of whether to adopt the dual capacity doctrine in this state. A careful review of appellant's petition reveals that the trial court acted properly in dismissing the petition for lack of subject matter jurisdiction. Viewed in the light most favorable to appellant and giving her petition a liberal construction indicates that her cause of action falls exclusively under the Workers' Compensation Law and does not sound in medical negli-

gence. Appellant's petition clearly alleges that she was exposed to and contracted an "occupational disease" within the meaning of § 287.067.1.

That section defines "occupational disease" as follows:

"In this chapter the term occupational disease is hereby defined to mean a disease arising out of and in the course of the employment. Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable, except where the diseases follow as an incident of an occupational disease as defined in this section. A disease shall be deemed to arise out of the employment only if there is apparent to the rational mind upon consideration of all the circumstances a direct causal connection between the conditions under which the work is performed and the occupational disease, and which can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment and which can be fairly traced to the employment as the proximate cause, and which does not come from a hazard to which workers would have been equally exposed outside of the employment. The disease must be incidental to the character of the business and not independent of the relation of employer and employee. The disease need not to have been foreseen or expected but after its contraction it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence." § 287.067.1, RSMo 1986.

The same section also states:

"Any employee who is exposed to and contracts any contagious or communicable disease arising out of and in the course of his or her employment shall be eligible for benefits under this chapter as an occupational disease." § 287.067.5, RSMo Supp.1988.

Appellant alleges nothing in her petition but exposure to hepatitis B during her normal course of employment. She does not allege that TMC undertook to provide treatment to her and did so negligently or that she presented herself for treatment. Rather, she alleges that TMC failed to treat her, in that TMC failed to adopt prophylactic measures to prevent her contraction of hepatitis B, a situation not contemplated by the dual capacity doctrine. If appellant had alleged that she sought treatment and TMC refused treatment or undertook treatment and did so negligently, then her cause of action would sound in negligence but there is no allegation in her petition to this effect. At oral argument appellant's counsel claimed that appellant presented herself for treatment on November 10, 1985, following her exposure to hepatitis B, but there is nothing in the petition to support this allegation. Rather, the petition alleges that it was not until December 12, 1985, that appellant was informed that she had been caring for a positive hepatitis B patient. Likewise, there is no allegation in the petition that appellant sought treatment following her development of acute symptomatology and contraction of the hepatitis B virus in April, 1987. Considering the allegations of appellant's petition, it cannot be said that the trial court erred in dismissing the petition and in finding that appellant's claim fell exclusively within the Workers' Compensation Law. Point I is denied.

■ In point two, appellant claims that the trial court erred in dismissing her petition as to respondent Estabrook for lack of subject matter jurisdiction on the grounds that the Workers' Compensation Law provided an exclusive remedy. This is so, appellant claims, because Estabrook as a co-employee does not obtain employer immunity pursuant to the Workers' Compensation Act and because at the time of the events alleged by appellant Estabrook was acting as a health care provider independent of any master/servant relationship with TMC and as such can be held liable in tort for the negligent care and treatment of appellant.

Appellant argues that her relationship with Estabrook was not simply that of co-employee but that of health care provider

and patient. Appellant also argues that her petition was based upon the fact that Estabrook failed to properly care for appellant when appellant became exposed to the hepatitis B virus and failed to notify appellant of the exposure in time to have prevented contraction of the disease.

Appellant goes into great detail discussing the immunity of a co-employee and argues against Estabrook's immunity. Also, appellant argues that the doctrine of dual capacity is equally applicable to Estabrook. However, as was the case under point I, it is not necessary for this appeal to reach the merits of this issue. There is no allegation in the petition that appellant presented herself to Estabrook for treatment or that treatment was undertaken by Estabrook and carried out negligently. Rather, a reading of appellant's petition reveals nothing more than allegations that Estabrook failed to fulfill her duty, as an employee of TMC, to provide a safe workplace, a nondelegable safety duty of the employer, TMC. *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 180 (Mo.App. 1982). The trial court was correct in so holding and did not err in dismissing appellant's claim against Estabrook. Point II is denied.

In point III, appellant alleges that the Workers' Compensation Division is without jurisdiction in this case because she did not sustain an injury or occupational disease arising out of and in the course of her employment with TMC. However, the finding of this court in regard to appellant's point I that her petition failed to state a claim for negligence makes unnecessary a discussion of this point.

For the reasons set forth above, the decision of the trial court to dismiss appellant's petition for lack of subject matter jurisdiction is affirmed.

All concur.