Mary C. CROFTS, Plaintiff–Appellant,

v.

Jack HARRISON and the Daniel & Henry Company, Defendants–Respondents.

No. 55324.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 27, 1989.

Frank Susman, Katherine Butler, Clayton, for plaintiff-appellant.

Courtney Shands, Jr., Eugene K. Buckley, Robert Allen Useted, St. Louis, for defendants-respondents.

STEPHAN, Judge.

Plaintiff, Mary Crofts, appeals from the order of the trial court dismissing Count IV of her petition for lack of subject matter jurisdiction. The petition was based on

injuries plaintiff received as the result of a sexual assault by her supervisor, Jack Harrison, at work. Count IV was directed only against defendant The Daniel & Henry Company ("D & H"), plaintiff's employer at the time of the assault. In Count IV she alleged that D & H negligently retained Harrison and failed to maintain a safe workplace.[1]

On July 3, 1986 D & H moved to dismiss Count IV for lack of subject matter jurisdiction. The trial court denied this motion on September 26, 1986, "without prejudice to refile" after discovery. D & H submitted a new motion to dismiss on March 8, 1988 stating that under Chapter 287, RSMo, the Labor and Industrial Relations Commission had exclusive subject matter jurisdiction over this action.

The trial court sustained the motion to dismiss. Plaintiff filed a motion for the court to reconsider its ruling. After further briefing and argument, the trial court set aside its previous order, but also entered a new order again dismissing Count IV for lack of subject matter jurisdiction. The trial judge designated this a final order for purposes of appeal.

The incident occurred at D & H's principal office and place of business on December 5, 1985 at approximately 5:45 p.m. Plaintiff's normal working hours were from 7:45 a.m. to 4:00 p.m. On that evening, plaintiff was working overtime, which she claimed and for which she received compensation. According to her testimony, plaintiff did not leave work on that day until 6:30 or 7:00 p.m.

Plaintiff testified that she had given Harrison a status report on one of his clients. This discussion lasted five to ten minutes and occurred in the hallway. Harrison invited her into his office for a drink and plaintiff agreed. They discussed a number of subjects, both business and personal. At the end of the conversation, Harrison proposed that plaintiff participate in sexual activity with him. When she refused, Harrison grabbed her forcefully, kissed her, and "kneaded" various parts of her body.

Plaintiff raises one point on appeal. She asserts that the trial court erred in sustaining D & H's motion to dismiss because, as she argues, the incident alleged in plaintiff's petition did not arise out of and in the course of her employment. We disagree with plaintiff's contention in this regard and affirm the judgment.

A motion to dismiss for lack of subject matter jurisdiction should be granted whenever it "appears" that the court lacks such jurisdiction. Rule 55.27(g)(3). The term "appears" suggests that the quantum of proof is not high. *Parmer v. Bean*, 636 S.W.2d 691, 694 (Mo.App.1982). It must appear by a preponderance of the evidence that the court is without jurisdiction. *Id.* This is a factual determination and is left to the sound discretion of the trial court. *Id.* The movant is not required to show by unassailable proof that there is no material issue of fact because the trial court need only decide the preliminary question of its own jurisdiction which is not a decision on the merits and is without res judicata effect. *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 772 (Mo.App.1983).

Section 287.120.1, RSMo 1978, provides:

Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. *The term "accident" as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.* (Emphasis supplied)

If an employer is liable for compensation under § 287.120, the employer is then re-

---

**1.** The first three counts of the petition are directed against Harrison for: assault and battery, "outrageous conduct" and negligent infliction of emotional distress. These three counts are still pending although trial has been stayed pending resolution of this appeal.

leased from all other liability. *State ex rel. McDonnell Douglas Corporation v. Luten*, 679 S.W.2d 278, 279 (Mo. banc 1984). The Labor and Industrial Relations Commission has exclusive jurisdiction over claims which are covered by this act. *Id.* The Workers' Compensation Act is substitutional for common law tort remedies. *Wengler v. Druggists Mutual Insurance Company*, 583 S.W.2d 162, 164 (Mo. banc 1979). Its purpose is to relieve the public of the burden of incapacitated workers and place it upon industry. *Page v. Green*, 686 S.W.2d 528, 530 (Mo.App.1985).

■ In *Person v. Scullin Steel Company*, 523 S.W.2d 801 (Mo. banc 1975), the Supreme Court formulated three categories of assaults:

1st: Those which are invited by the dangerous nature of the employee's duties, or by the dangerous environment in which he is required to perform them, or are the outgrowth of frictions generated by the work itself, but which in either event, are invariably revealed to be the result of some risk directly attributable to the employment.

2nd: Those committed in the course of private quarrels that are purely personal to the participants.

3rd: Irrational, unexplained or accidental assaults of so called "neutral" origin, which, although they occur "in the course of" the victim's employment, cannot be attributed to it on any more rational basis than that the employment afforded a convenient occasion for the attack to take place.

*Id.* at 803–804, quoting *Liebman v. Colonial Baking Company*, 391 S.W.2d 948, 951 (Mo.App.1965). Only injuries caused by assaults committed in the course of private quarrels ("Type 2") are non-compensable under § 287.120, RSMo 1978. *State ex rel. Barnes Hospital v. Tillman*, 714 S.W.2d 538, 540 (Mo.App.1986).

■ A claimant's accident must arise both "in the course of" and "out of" employment. § 287.120.1, RSMo 1978. These are separate tests, and both must be satisfied. *Zahn*, 655 S.W.2d at 772. An accident is "in the course of" employment if it occurs within the period of employment at a place where the employee may reasonably be, while engaged in the furtherance of the employer's business or in some activity incidental thereto. *Id.*

Plaintiff's accident occurred on the employer's premises after normal working hours. She was, however, collecting overtime pay for that period. She was also discussing a client with Harrison immediately before the assault. We have no problem finding that she was at work engaged in the furtherance of the employer's business.

■ The injury arises "out of" employment if (1) the injury results from a natural and reasonable incident of the employment, a rational consequence of some hazard connected therewith or a risk reasonably inherent in the particular conditions of the employment and (2) if the injury is the result of a risk peculiar to the employment or enhanced thereby. *Id.* at 773. In *Allen v. Dorothy's Laundry and Dry Cleaning Co.*, 523 S.W.2d 874, 878–879 (Mo.App.1975) the Court found that if an employee "in the course of employment" is the victim of a "neutral," unprovoked assault ("Type 3") then, as a matter of law, the assault arises "out of" employment. *See also, Dillard v. City of St. Louis*, 685 S.W.2d 918, 922 (Mo.App.1984).

■ The question, under these standards is, was plaintiff the victim of a Type 2 or a Type 3 assault?[2] There was no evidence herein of a personal quarrel between plaintiff and Harrison. On the contrary, prior to the assault they seemed to be on friendly terms. During the course of a conversation, Harrison invited plaintiff into his office for a drink. She accepted the offer and a friendly discussion ensued. Absent a quarrel, this cannot qualify as a Type 2 assault.

The assault here was irrational. Plaintiff was shocked at Harrison's behavior. As in the definition, the attack could not be "attributed to her employment on any more

**2.** Type 1 assaults are inapplicable and will not be discussed.

rational basis than it afforded a convenient occasion for the attack to take place." Under the facts presented, we find that the attack fits most clearly within the definition of a Type 3 assault and, therefore, as a matter of law, arose "out of" plaintiff's employment. *Allen v. Dorothy's Laundry and Dry Cleaning Co., supra.*

Since this is a Type 3 assault, it is compensable under § 287.120, RSMo 1978. The trial court was correct in dismissing the action for lack of subject matter jurisdiction.

The dismissal is, however, without prejudice. *Parmer,* 636 S.W.2d at 694. We do not decide if this was a compensable accident. We only decide that the trial court lacked subject matter jurisdiction of Count IV. Plaintiff is free to raise her claim under the Workers' Compensation Law, and resolution of this case will not reflect in any way upon the merits of the claim. It is for the Industrial and Labor Relations Commission to determine the extent of her injury, or if there is any injury, and to what extent plaintiff should be compensated. *Cf. State ex rel. McDonnell Douglas Corporation v. Ryan,* 745 S.W.2d 152, 154 (Mo. banc 1988).

SMITH, P.J., and SATZ, J., concur.