**Jill Ann FELLING, et al., Appellants,**

v.

**WIRE ROPE CORPORATION OF AMERICA, INC., Respondent.**

**No. WD 46793.**

Missouri Court of Appeals,
Western District.

March 9, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1993.

Application to Transfer Denied June 29, 1993.

Phillip A. Klawuhn, Armstrong, Teasdale, Schlafly & Davis, Kansas City, for appellants.

Joseph A. Sherman and Steven F. Coronado, Sherman, Taff & Bangert, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and FENNER and HANNA, JJ.

LOWENSTEIN, Chief Judge.

Appellants in this case plead several causes of action they claim lay outside the exclusivity provision of the Workers' Compensation Act as found in § 287.120.2 RSMo., (Cum.Supp.1992). The main issue involves the Labor and Industrial Relations Commission's (Commission) exclusive jurisdiction to determine whether the appellant's decedent died as a result of an accident or an intentional act of the employer, Wire Rope Corporation of America, Inc. (Wire Rope). If Leo N. Felling died as a result of an accident as defined by the Workers' Compensation Act, then his survivors' exclusive remedy lies within the Workers' Compensation scheme. *See Goodrum v. Asplundh Tree Expert Co.* 824 S.W.2d 6, 9 (Mo. banc 1992). If the Commission determines he died from an intentional act, which this court will not decide, then the appellants may proceed in circuit court. *Id.* at 9.

The appellants filed a claim for workers' compensation and filed a suit in the circuit court of Buchanan County. In the trial court, the appellants raised claims of wrongful death, gross negligence, intentional tort, dual capacity, strict liability, product liability and equitable rescission of the employee's contract of hire in an attempt to avoid the Commission's jurisdiction. The trial court dismissed, for lack of subject matter jurisdiction, counts I and II of the petition which alleged intentional tort and gross negligence caused the wrongful death of Felling. In addition to dismissing those counts for lack of subject matter jurisdiction, the trial court granted Wire Rope's summary judgment and the motion to dismiss the claims of dual capacity, strict liability, product liability, equitable rescission of the contract of hire for

failure to state claims upon which the court could grant relief. The facts in this case support the trial judge's dismissal.

Felling died when a rewinder machine, also known as "the scrapper," at Wire Rope pulled him over the top of the machine and crushed him between the reel and a metal plate on the back of the machine. Apparently, the edge of the revolving wooden reel of the machine caught his belt or a piece of his clothing. Felling suffered the injury at 6:30 a.m., August 11, 1989, while performing his regular duties at Wire Rope. Felling's wife and two children filed this suit for wrongful death and other claims in the circuit court of Buchanan County and filed a workers' compensation claim. Wire Rope filed a motion for summary judgment in addition to a motion to dismiss the case based on the circuit court's lack of subject matter jurisdiction. The company alleged the Commission had exclusive jurisdiction to decide whether the appellants' claims allowed them to proceed outside the Workers' Compensation Law, *See* § 287.120.2; *Goodrum,* 824 S.W.2d at 9. After the circuit court sustained Wire Rope's motion to dismiss, the appellants filed an appeal with the Supreme Court of Missouri which transferred the case to this court.

I.

In their first point, appellants raise numerous constitutional reasons for the circuit court to have original jurisdiction of their claim: (1) the "open courts" provision of Mo. Const. art. I, § 14, and the First Amendment of the United States Constitution; (2) the right to trial by which Mo. Const. art. I, § 14, and Mo.Ct.R. 69.01; (3) the Due Process clause of the Fourteenth Amendment of the United States Constitution and Mo. Const. art. I, § 10; (4) the Equal Protection clause of the Fourteenth Amendment of the United States Constitution and Mo. Const. art. I, § 2; (5) the taking of rights for public use without just compensation under the Fifth Amendment of the United States Constitution and Mo. Const. art. I, § 26; and (6) Mo. Const. art.

V, § 14(a), which grants exclusive jurisdiction of all cases and matters to the circuit court.

The Workers' Compensation Act provides in § 287.120:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term accident as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death, except such right and remedies as are not provided for by this chapter.

■ "The Workers' Compensation Law is wholly substitutional in character and ... any rights which a plaintiff might have had at common law have been supplanted and superseded by the act, if applicable." *Killian v. J & J Installers, Inc.,* 802 S.W.2d 158, 160 (Mo. banc 1991), citing *Jones v. Jay Truck Driver Training Center, Inc.,* 709 S.W.2d 114, 115 (Mo. banc 1986). The trial court sustained Wire Rope's motion to dismiss for lack of subject matter jurisdiction on Counts I and II which involved an alleged intentional tort and gross negligence. The decision to dismiss for lack of subject matter jurisdiction is left to the sound discretion of the trial court. *Crofts v. Harrison,* 772 S.W.2d 901, 902 (Mo.App.1989). The trial court should grant the motion to dismiss when it "appears" by a preponderance of the evidence the court lacks subject matter jurisdiction. *Id.* at 902. The decision on a motion to dismiss for lack of subject matter jurisdic-

tion has no res judicata effect. *Id.* quoting *Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769, 772 (Mo.App.1983).

■ By a preponderance of the evidence, the trial court lacked subject matter jurisdiction despite the constitutional challenges raised by appellants. Last year, the supreme court decided *Goodrum,* 824 S.W.2d at 6, which is dispositive of this point. In *Goodrum,* the court addressed and disposed of the same constitutional challenges the appellants raise here, *Id.* at 7, with the exceptions of the First Amendment guarantee of access to the courts and the takings clause of the Fifth Amendment. The court concluded the Commission constitutionally had exclusive jurisdiction to determine whether an employee has suffered from an accident or an intentional tort. *Id.* at 9–13. The court recognized the Commission's primary jurisdiction under which courts will not decide a controversy involving a question within the jurisdiction of an administrative tribunal until after that tribunal renders its decision in some circumstances. *Id.* at 9, (*quoting Killian v. J. & J. Installers, Inc.,* 802 S.W.2d at 160). This court followed the supreme court's precedent in *Mattes v. Mobay Corp.,* 830 S.W.2d 35 (Mo. App.1992).

In this case, the additional constitutional issues the appellants raise to circumvent and undermine the applicability of workers' compensation, fail to make unconstitutional the primary jurisdiction of the Commission. In *Smith v. Gould, Inc.,* 918 F.2d 1361 (8th Cir.1990), the court recognized the U.S. Supreme Court settled the constitutionality of workers' compensation acts early in this century. *Id.* at 1364. *relying on Jeffery Mfg. Co. v. Blagg,* 235 U.S. 571, 35 S.Ct. 167, 59 L.Ed. 364 (1915); *New York Cent. R.R. v. White,* 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667 (1917); *Mountain Timber Co. v. Washington,* 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685 (1917); *Arizona Employers' Liability Cases,* 250 U.S. 400, 39 S.Ct. 553, 63 L.Ed. 1058 (1919); *Middleton v. Texas Power & Light Co.,* 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919). Courts today continue to uphold such statutes against constitutional attack. *Smith,* 918 F.2d at

1364. The Missouri Supreme Court did the same when it decided *Goodrum* and declined the appellant's request to reconsider the case. *Goodrum* addressed the open court, access challenge under the Missouri Constitution, Mo. Const. art. I, § 14, which preserves the right of access portion of the First Amendment. *State ex rel. Cardinal Glennon Memorial Hosp.*, 583 S.W.2d 107, 110 (Mo. banc 1979). In light of the analysis of the open courts provision in *Goodrum*, 824 S.W.2d at 9, 10, this court need not address the First Amendment claim.

As to the Fifth Amendment claim, which is paralleled in essential parts by the provision of the Missouri Constitution, Mo. Const. art. 1, § 26, this court holds that the Fifth Amendment does not make unconstitutional the exclusive jurisdiction of the Commission to determine the nature of an employee's injury. The United States Supreme Court set out a four-part test to determine if a violation of the taking clause of the Fifth Amendment has occurred: (1) Is there a property interest protected by the Fifth Amendment Taking Clause? (2) If so, does the challenged action effect a taking of that property interest? (3) If there is a taking, is it for public use? (4) If there is a taking for public use, does the statute provide for adequate compensation? *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000–01, 104 S.Ct. 2862, 2871–72, 81 L.Ed.2d 815 (1984). The first point of inquiry extinguishes the appellants' attempt to circumvent the Commission.

The appellants allege a property right in their right to sue for damages based on accidental and intentional injury by Wire Rope to the decedent. "Property interests ... are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.* 467 U.S. at 1001, 104 S.Ct. at 2872. Missouri recognizes a litigant does not have a vested property right in a cause of action before it accrues. *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 834 (Mo.1991). In *Holder v. Elms*, 92 S.W.2d 620 (Mo.1936), the Missouri Supreme Court recognized:

"It can be assumed without misgiving that there is no vested right in any remedy for a tort yet to happen which the Constitution protects. Except as to vested rights, the legislative power exists to change or abolish existing statutory and common-law remedies." *Holder*, 92 S.W.2d at 624.

In *Holder,* the appellant challenged the loss of his common-law right to recover damages for loss of consortium because workers' compensation covered his wife's injury. *Id.* at 621. The appellant in *Holder* alleged the workers' compensation act deprived him of property without due process. *Id.* at 621. The court recognized the constitution did not forbid the abolition of rights recognized by the common law to attain a permissible legislative objective. *Id.* at 624. As such, the workers' compensation scheme abolished the appellant's cause of action before it accrued and the court upheld the constitutionality of this action. *Id.*

Under Missouri statutes, the appellants possess no right to initially pursue Felling's injury in circuit court for damages because Congress took that right away in 1925 when it enacted the Workers' Compensation Act. See § 287.120.2 which is substantially the same from Laws 1925 Mo. Laws § 3, p. 375, 377. The Missouri Supreme Court has interpreted the section as granting to the Commission exclusive jurisdiction to determine whether the claimant's injuries resulted from an accident or an internal tort. *Goodrum*, 824 S.W.2d at 8; *Killian*, 802 S.W.2d at 161. At the time of Felling's injury, neither he nor his decedents, had a vested right to sue Wire Rope in circuit court for damages. As such, the appellants' Fifth Amendment claim fails. Further, even if this court decided the appellants did possess a property right in this situation involving an injury subject to coverage by workers' compensation, the appellants would have to exhaust the administrative procedure before this court could address whether the appellants received just compensation. *See Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 200, 105 S.Ct. 3108, 3123, 87 L.Ed.2d 126 (1985).

Under current precedent, the Commission's exclusive jurisdiction to determine the nature of Felling's injury is constitutional. *Goodrum*, 824 S.W.2d at 6. As the Commission has exclusive jurisdiction, the trial court properly dismissed the appellant's petition for lack of subject matter jurisdiction. This court denies point one of appellant's brief. *Id.*

## II.

■ This court will address points two and four together. The appellants assert the theory of dual capacity allows them to recover under the workers' compensation act and sue for additional damages under tort law. *See Baker v. Armco*, 684 S.W.2d 81, 82–3 (Mo.App.1984). Missouri has not formally adopted the "dual capacity" doctrine which other states have recognized to allow an employee to sue his employers for work related injuries. *Gatlin v. Truman Medical Center*, 770 S.W.2d 510, 511 (Mo. App.1989). This court does not have to reach applicability of the doctrine which makes an employer liable to employees in excess of the amount received through workers' compensation.

■ Under the dual capacity theory, employees must allege the injury resulted from a breach of duty owed by the employer to the employee separate and distinct from the duty arising out of the employer-employee relationship. *Gatlin*, 770 S.W.2d at 511. In order for the dual capacity doctrine to apply, "the employer must step outside the boundaries of the employer employee relationship, creating separate and distinct duties to the employee; the fact of injury must be incidental to the employment relationship." *Coello v. Tug Mfg. Corp.*, 756 F.Supp. 1258, 1266 (W.D.Mo. 1991) (applying Missouri law). In this case, the appellants attempt to create a separate duty owed to Felling based on the company's capacity as employer and manufacturer of the rewinder machine which crushed him.

Under one aspect of the theory, some states recognize that if the employer designs, manufactures or distributes a defective product and places it in the stream of commerce for sale to the public generally not only for use in the employer's own business, then the employer has a separate and distinct duty to their employees regarding the safety of the equipment or machinery. If the employer put the machinery in the stream of commerce, then, in states that recognize dual capacity, the employee may bring suit for injuries received from the unsafe equipment notwithstanding provisions in workers' compensations acts making the remedies provided exclusive. *See Baker v. Armco*, 684 S.W.2d at 82; *see also* 23 A.L.R. 4th § 8(a) 1177 (1983).

In this case, in addition to granting summary judgment because it determined no genuine issue of fact existed on this count, the trial court sustained Wire Rope's motion to dismiss because appellant failed to state a claim cognizable under Missouri law. Attorneys for Wire Rope had withdrawn their motion for summary judgment prior to the trial court's grant of summary judgment; consequently, this court will review the trial court's action on the motion to dismiss. (Point four of appellant's brief addressed respondent's in court motion to withdraw the summary judgment.)

■ A motion to dismiss tests the sufficiency of the petition to state a claim for relief. *Gatlin*, 770 S.W.2d at 511. The reviewing court must treat all facts as true and construe allegations favorably to appellant, but the interpretation given the petition must be reasonable, fair and intended by the pleader. *Id.* The trial court may dismiss the pleader's petition if the allegations fail to invoke principles of substantive law which may entitle the pleader to relief. *Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 494 (Mo.App.1990). In essence, the appellants want to sue Wire Rope for strict liability based on failure to warn of the defect in the product, the rewinder machine. The petition cannot create a cause of action where even if the court did adopt the dual capacity theory, the plaintiffs would not have a claim for relief. The appellants alleged "hypothetically," Wire Rope manufactured and put

the rewinder in the stream of commerce. An affidavit submitted by Wire Rope stated the company did not design, manufacture, distribute and place into the stream of commerce the rewinder machine Felling operated at the time of his death. The affidavit further stated the company purchased the machine directly from the manufacturer. As such, the appellants failed to state a claim even if this court chose to recognize the dual capacity theory. Point two is denied.

### III.

For their third point, the appellant's state the trial court erred in dismissing their claim for equitable rescission of the decedent's contract of hire for failure to state a claim. This court upholds the trial court's dismissal. The trial court held as a matter of law, decedent was an employee of Wire Rope. The appellants' petition does not support equitable rescission of the employment contract based on the decedent's reliance on a safety manual. As such, the appellants failed to state a claim cognizable under the substantive law.

This court affirms the trial court judgment.